255 So.2d 533 (1971)
Willie Clyde FOSTER, Appellant,
v.
STATE of Florida, Appellee.
No. P-117.
District Court of Appeal of Florida, First District.
December 7, 1971.
Rehearing Denied December 30, 1971.
Richard W. Ervin, III, Public Defender; and Vera Winter Lee, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
CARROLL, DONALD K., Acting Chief Judge.
The appellant was tried and convicted of the crimes of breaking and entering with intent to commit a felony and possession of burglary tools, and has appealed from his judgment of conviction and sentence and from an order denying his motion for a new trial, entered by the Criminal Court of Record of Duval County.
The sole question presented for our determination in this appeal is whether the said court erred in denying his motion to suppress evidence under the circumstances set forth below.
On March 15, 1971, the defendant, pursuant to Rule 3.190(h) (formerly Rule 1.190), Florida Rules of Criminal Procedure, 33 F.S.A., filed a motion to suppress:
"as evidence at the trial in the above styled cause the following described articles *534 and all testimony relating thereto. The defendant in support of his motion identifies said articles and testimony as follows:
"one manilla paper bag containing the following, to wit: one pair of gloves, pliers, wrenches and a bar. A better description could not be obtained due to the inability to gain access to the evidence prior to this Motion.
"As grounds in support of his motion the defendant further shows this Court as follows:
"1. That the search of defendant's truck and the resultant seizure as aforesaid were not made pursuant to the execution of a valid search warrant.
"2. That the search of defendant's truck and the resultant seizure as aforesaid were not made pursuant to the execution of a valid arrest warrant.
"3. That the search of defendant's truck and the resultant seizure as aforesaid were not incidental to a legal arrest.
"4. That the search of defendant's truck and the resultant seizure as aforesaid were made without the defendant's consent.
"5. That said evidence was obtained through denial of the defendant's constitutional right to due process of law.
"WHEREFORE, the defendant moves for the suppression of said evidence and all testimony relating thereto for that the same were obtained in violation of his rights as protected by the constitution and laws of the State of Florida and the United States of America."
The foregoing motion to suppress was denied by a written order dated March 15, 1971, reciting that the said motion was heard in open court "defendant being present and arguments presented" and that "said Motion be and it is hereby denied." This order fails to recite that at the hearing on the motion to suppress the court received "evidence on any issue of fact necessary to be decided in order to rule on the motion," as required by the hereinafter-quoted provision of Rule 3.190. However, the trial transcript shows at the beginning of the trial on March 15, 1971, in the absence of the jury, the court held a hearing on the said motion to suppress. At the end of the hearing the court announced:
"I'm going to deny your motion to suppress but I will listen to the case as it comes but as to the items relating to the second count of the information, possession of burglary tools, you're going to have to show some type of use of (sic) something more than just the fact that those items were in the back of that truck."
At the said hearing on the motion to suppress the sole witness, a Jacksonville policeman, testified that he drove to a motel to check into a report by the night manager that instances of breaking and entering had taken place during the night; that he talked to the defendant on the motel premises and checked some motel rooms, finding that they had been broken into; that he placed the defendant under arrest, patted him down, and found a pair of pliers in his pants (not the pliers in the truck); that he went to the rear of the motel, where he found a U-Haul-It rental van that the defendant had driven and parked there; that he found some tools in the truck; and that the truck was "about 50 or 60 yards" from where he found the defendant.
The motion to suppress and the hearing thereon are governed by subdivision (h) of Rule 3.190, Florida Rules of Criminal Procedure, which subdivision reads in its entirety:
"(h) Motion to Suppress Evidence Obtained through an Unlawful Search and Seizure.
"(1) Grounds. A defendant aggrieved by an unlawful search and seizure may *535 move the court to suppress for the use as evidence anything so obtained on the ground that:
"1. The property was illegally seized without a warrant; or
2. The warrant is insufficient on its face; or
3. The property seized is not that described in the warrant; or
4. There was not probable cause for believing the existence of the grounds on which the warrant was issued; or
5. The warrant was illegally executed.
"(2) Time for Filing. The motion to suppress shall be made prior to trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion or an appropriate objection at the trial.
"(3) Hearing. The court shall receive evidence on any issue of fact necessary to be decided in order to rule on the motion."
It will be noted that the last-quoted provision requires the holding of a hearing on the motion to suppress at which the court "shall receive evidence on any issue of fact necessary to be decided in order to rule on the motion." Rule 3.190 is a part of the section of the said rules headed "Pre-Trial Motions and Defenses."
In our opinion, the said Rule 3.190(h) requires that the trial court hold a hearing on a motion to suppress before the trial begins (as was done in the case at bar) and that the court make its ruling on the motion before the trial begins, upon the basis of the evidence adduced at the hearing on the motion. One of the purposes of this pre-trial procedure is obviously to avoid unnecessary trials, and it is in the interests of both the accused and the state to know before the trial begins whether certain articles or testimony concerning them will be allowed to be received in evidence at the trial. In this case the court at the trial received much testimony concerning the tools found in the truck, and the receipt of such testimony must have been devastating to the defendant's chances for a favorable verdict under both counts of the information (charging breaking and entering with intent to commit a felony and possession of burglary tools). The admission of such testimony at the trial was, in our view, highly prejudicial to the defendant under the above circumstances.
In the posture of this appeal, we need not and do not pass upon the question whether or not the trial court should have granted the above motion to suppress but we do hold that the trial court committed reversible error in failing to rule on the said motion before the trial began and then in admitting considerable testimony concerning the articles sought to be suppressed.
The basic contention of the State in its appellate brief is that the articles listed in the said motion were not received into evidence, but this overlooks the fact that the motion also properly seeks to suppress testimony concerning those articles. To suppress an article and not suppress testimony concerning that article would be a vain thing and the law will not countenance such a distinction.
For the foregoing reasons the judgment and order appealed from should be and they are reversed and the cause is remanded for further proceeding consistent with the views hereinabove expressed.
Reversed and remanded with directions.
RAWLS and JOHNSON, JJ., concur.