442 So.2d 1056 (1983)
Patsy FERRAZZOLI, Appellant,
v.
STATE of Florida, Appellee.
No. AQ-431.
District Court of Appeal of Florida, First District.
December 16, 1983.
*1057 Wm. J. Sheppard, Elizabeth L. White of Law Office of Wm. J. Sheppard, P.A., Jacksonville, for appellant.
Jim Smith, Atty. Gen. and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
The appellant was charged with (1) trafficking in cocaine, (2) possession with intent to distribute cocaine; (3) possession of a firearm during the commission of a felony; (4) carrying a concealed weapon; and (5) operating a motor vehicle while in possession of drugs, with all offenses arising out of a controlled drug buy. Legally sufficient motions to suppress physical evidence and statements made to police officers were filed in accordance with Fla.R. Crim.P. 3.190(h)(4). The trial judge denied these motions after "reviewing the record, including the motions, the memoranda submitted in connection therewith, the sworn complaint and mittimus, and the affidavits for search warrants," but without holding a formal evidentiary hearing, although defense counsel had expressed a desire to be heard on the motions on the day of trial. The judge, in an attempt to organize pretrial proceedings and prevent delay in the trial of cases, was operating under an order which stated that hearings would not "be held on motions unless set by the court except motions requiring an evidentiary hearing," thus there is an inference in this case that the court believed that no evidentiary hearing was required on the motions to suppress. Appellant entered a plea of nolo contendere to the charge of trafficking in cocaine with the remainder of the charges being dismissed, and reserved the right to appeal the trial court's denial of the motions to suppress.
The review by the trial judge of the above enumerated documents did not constitute the kind of evidentiary hearing contemplated by Fla.R.Crim.P. 3.190(h)(3), which provides:
Before hearing evidence, the court shall determine if the motion is legally sufficient. If it is not, the motion shall be denied. If the Court hears the motion on its merits, the defendant shall present evidence supporting his position and the State may offer rebuttal evidence.
Therefore judgment and sentence are reversed and the case remanded for an evidentiary hearing on the motions. See Barker v. State, 438 So.2d 1014 (Fla. 4th DCA 1983); Mason v. State, 375 So.2d 1125, 1129 (Fla. 1st DCA 1979).
Appellee contends that appellant waived the issue by failing to bring to the trial court's attention its argument that the denial of the motions to suppress was improper for failure to hold a formal evidentiary hearing. The record shows, however, *1058 that during the course of pretrial proceedings defense counsel made clear to the court their intention to pursue the motions to suppress and their desire to be heard on the motions on the day of trial. The court's order denying the motions before trial and thus before this hearing could take place constituted a denial of the requested hearing, thus the issue was preserved for review.
REVERSED and REMANDED for further proceedings in light of this opinion.
LARRY G. SMITH and WENTWORTH, JJ., concur.