446 So.2d 1186 (1984)
Ward William CHAPMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1932.
District Court of Appeal of Florida, Fourth District.
March 21, 1984.
Alan I. Karten, Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
*1187 LETTS, Judge.
The defendant was charged with possession of cocaine and driving under the influence. A motion to suppress physical evidence was filed and the trial court denied it without granting a hearing on the motion, over objection by defense counsel. We agree with the defendant and reverse.
Florida Rules of Criminal Procedure 3.190(h) and (i) govern motions to suppress. Under these two sections, a motion can be summarily denied if it is legally insufficient. Although the defendant asserts that there is no case law defining the term "legally sufficient," several cases indicate that a motion must clearly state the reasons for suppression and also give a general statement of facts in support thereof as required by Fla.R.Crim.P. 3.190(h)(2). Herring v. State, 394 So.2d 433 (Fla. 3d DCA 1980) and Dean v. State, 430 So.2d 491 (Fla. 3d DCA 1983).
The motion here clearly does state the reasons for suppression and a general statement of facts in support thereof, Barker v. State, 438 So.2d 1014 (Fla. 4th DCA 1983). We, therefore, remand the matter to the trial court for a hearing in accordance herewith.
REVERSED AND REMANDED.
BERANEK and HERSEY, JJ., concur.