MILLS, Judge.
J.L.K. and A.L.K. (J. and A.), juveniles, were found guilty of throwing a deadly missile at a moving vehicle in an adjudicatory hearing in 'the Circuit Court of Ala-chua County.
They contend that because the identifications of them by the witness-victims did not meet the standards established in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and adopted by Florida in Grant v. State, 390 So.2d 341 (Fla.1980), they are so unreliable as to be inadmissible. They also argue that they suffered an unconstitutional violation of due process when the trial court denied a separate hearing on their motion in limine, when it denied them an opportunity to voir dire the witnesses prior to their in-court identifications, and again when it denied their motion for judgment of acquittal.
We do not agree that the identifications were so unreliable as to render them inadmissible, or that J. and A. were denied due process protection, and therefore affirm the trial court.
J. and A. were accused of throwing rocks at the car in which both witnesses were riding which is a second-degree felony. The incident occurred between 8:00 and 9:00 p.m. and there were several juveniles throwing rocks, but J. and A. were the only ones identified by the victims.- Both the witnesses and the juveniles were known to each other as they had lived in the same neighborhood for several years but they were not friendly acquaintances. The identifications and complaints by the victims were the sole basis for the petition of delinquency issued against J. and A.
Some hours before the hearing, defense attorneys filed a motion in limine to suppress any identification evidence alleging the identifications lack the degree of reliability required for admissibility. The motion was supported by depositions of the witness-victims, legal requirements for admissibility and judicial standards for consideration. The trial court refused the request for a separate hearing and denied the motion giving no reasons or findings.
Prior to calling the witnesses, the trial court denied the defense the opportunity to voir dire them. The witnesses subsequently testified and were cross-examined regarding their identifications, their prior knowledge of the defendants and the facts surrounding the rock-throwing incident. Both witnesses affirmatively indicated that J. and A. were in the courtroom. One witness contradicted himself without explanation by testifying that it was J. he had seen throwing a rock when he had told the arresting officer it was A. he had seen.
The defense then presented the juveniles’ mother and a friend, neither of which could affirmatively establish J.’s and A.’s whereabouts during the crime. They then moved for a judgment of acquittal urging the likelihood of misidentification and the contradiction in identification of A. which was denied.
Both the motion in limine and this appeal hinge on the alleged failure of the identifications to meet the criteria set forth in Biggers, supra: (1) opportunity of the witnesses to view the criminal at the time of the crime; (2) the witnesses’ degree of attention; (3) the accuracy of the witnesses’ prior description of the criminal; (4) the level of certainty demonstrated by the witness; and (5) the length of time between the crime and a formal confrontation. *392 These criteria are factors to be considered in evaluating the likelihood of misidentification. The defense stresses that the incident occurred at night and on the side of the road without a street lamp; that the witnesses had to duck their heads to avoid being struck; that their descriptions to the police were incorrect and could match those of almost any black juvenile; that their certainty of identification is not entitled to independent significance due to Florida judicial interpretation of Biggers; and that there never was a formal confrontation after the incident.
Lauramore v. State, 422 So.2d 896, 898 (Fla. 1st DCA 1982), points out that the criteria listed in Biggers are offered as measurements of the totality of the circumstances where there has been an impermis-sively suggestive out-of-court identification procedure. The facts in this case before us do not mandate application of the Biggers criteria as there were no suggestively induced identifications.
The totality of the circumstances supports a finding that these identifications were reliable. The witnesses knew the defendants, there was a street light nearby and the witnesses had slowed the car to see what was being thrown by whom.
A ruling on a motion to suppress is presumptively correct and a reviewing court should interpret the evidence and reasonable inferences and deductions drawn from the evidence in a manner most favorable to sustaining the trial court’s ruling. McNamara v. State, 357 So.2d 410 (Fla.1978).
This Court has mandated separate hearings on motions to suppress evidence frequently. See Ferrazzoli v. State, 442 So.2d 1056 (Fla. 1st DCA 1983); Mason v. Florida, 375 So.2d 1125 (Fla. 1st DCA 1979); Kitchens v. State, 240 So.2d 321 (Fla. 1st DCA 1970). But in each instance the evidence had been seized either illegally, coerced from defendants, or obtained from witnesses in an overly suggestive manner; It was the constitutionality of acquisition of the testimony that warranted the separate hearing.
Here, the identification evidence was not unconstitutionally obtained, and the risk of unreliability is not so intolerable as to mandate a separate hearing, either before the trial or by voir dire. While the identification testimony is significant in this case, it is still only evidence, and counsel had ample opportunity to cross-examine the witnesses and argue the factors casting doubt on its reliability.
The test to be applied to a motion for judgment of acquittal by both a trial and an appellate court is not whether the totality of the evidence, in the opinion of the court, fails to exclude every reasonable hypothesis of innocence, but whether a jury might reasonably so conclude. Tillman v. State, 353 So.2d 948 (Fla. 1st DCA 1978). In this case there was no jury and the judge could easily have concluded J. and A. had thrown the rocks solely from the victims’ testimony and because the alibi witnesses were totally ineffective.
A separate hearing before the adjudicatory hearing may have been preferable. But J. and A. have not persuaded us that failure to do so constitutes reversible error.
AFFIRMED.
SMITH and THOMPSON, JJ., concur.