600 So.2d 1287 (1992)
William D. GADSON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0114.
District Court of Appeal of Florida, Fourth District.
June 24, 1992.
*1288 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant brings this appeal from a judgment and sentence imposed against him after a jury found him guilty of first degree murder and trafficking in cocaine. Reluctantly, we must reverse due to the trial court's failure to conduct a pre-trial evidentiary hearing on appellant's motion to suppress tangible evidence. We do not address the merits of the motion to suppress ruling.
On July 29, 1987, Gadson was arrested and charged with first degree felony murder and trafficking in cocaine. On July 20, 1988, Gadson filed a motion to suppress, seeking to suppress the testimony of the officers who engaged Gadson in a high speed automobile chase, the cocaine found in his automobile and on his person, and any physical evidence including evidence that one person was killed as a result of the automobile accident that terminated the high speed chase. Gadson argued in his motion that no founded suspicion existed sufficient to justify his detention prior to the high speed chase.
On April 18, 1989, approximately nine (9) months after Gadson's motion to suppress was filed, the trial court denied Gadson's motion without affording him the requested opportunity for an evidentiary hearing. Rather, the trial court relied strictly upon documents contained in the court file, including written memoranda from the defense and the state, in denying Gadson's motion. The trial court allowed defense counsel to proffer evidence during trial as it continued to take Gadson's motion under advisement, and ultimately denied Gadson's motion a second time post-trial.
The trial court's failure to hold an evidentiary hearing on the pre-trial motion to suppress prior to trial constitutes error. Florida Rule of Criminal Procedure 3.190(h) provides in pertinent part:
(h) Motion to Suppress Evidence in Unlawful Search.
.....
(2) Contents of Motion. Every motion to suppress evidence shall clearly state the particular evidence sought to be suppressed, the reasons for suppression and a general statement of the facts on which the motion is based.
(3) Hearing. Before hearing evidence, the court shall determine if the motion is legally sufficient. If it is not, the motion shall be denied. If the court hears the motion on its merits, the defendant shall present evidence supporting his position and the state may offer rebuttal evidence.

(4) Time for Filing. The motion to suppress shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court may entertain the motion or an appropriate objection at the trial.
(Emphasis supplied.)
In Chapman v. State, 446 So.2d 1186 (Fla. 4th DCA 1984), this court noted that *1289 in order to be "legally sufficient" a motion to suppress "must clearly state the reasons for suppression and also give a general statement of facts in support thereof as required by Fla.R.Crim.P. 3.190(h)(2)." Id. at 1187. Appellant's motion to suppress meets the legal sufficiency test of rule 3.190 in that it clearly states the reasons for suppression and gives a general statement of facts in support thereof. Further, the trial court must have found that the motion to suppress was legally sufficient, because it proceeded to rule on the merits of the motion. The trial court erred however, in failing to conduct an evidentiary hearing as required by the language of rule 3.190(h)(3) emphasized above.
In Barker v. State, 438 So.2d 1014 (Fla. 4th DCA 1983), this court held that the trial court erred in denying a motion to suppress prior to trial without granting an evidentiary hearing on the motion. Id. at 1015. Similarly, in Ferrazzoli v. State, 442 So.2d 1056 (Fla. 1st DCA 1983), the appellate court held that the trial court erred in denying a pre-trial motion to suppress on the basis of its review of the record only, and without conducting a formal evidentiary hearing. Id. at 1057. The court noted that the review by the trial judge of the motion to suppress, the memoranda submitted in connection therewith, the sworn complaint, and the affidavits for search warrants, did not constitute the kind of evidentiary hearing contemplated by Florida Rule of Criminal Procedure 3.190(h)(3). Id. See also Foster v. State, 255 So.2d 533 (Fla. 1st DCA 1971) (rule 3.190(h) requires that the trial court hold a hearing on a motion to suppress before the trial begins and that the court make its ruling on the motion before the trial begins, upon the basis of the evidence adduced at the hearing on the motion); Williams v. State, 548 So.2d 898 (Fla. 4th DCA 1989) (trial court is obligated to hear a pre-trial motion to suppress before proceeding with the trial).
On the basis of this precedent we must reverse Gadson's conviction and remand this case to the trial court with instructions to conduct an evidentiary hearing on Gadson's motion to suppress prior to conducting a new trial.
REVERSED and REMANDED.
GLICKSTEIN, C.J., and ANSTEAD and POLEN, JJ., concur.