611 So.2d 1339 (1993)
BROWARD COUNTY, Appellant,
v.
Kathryn C. CENTO, and Pat Cento, her husband, Appellees.
No. 91-3378.
District Court of Appeal of Florida, Fourth District.
January 13, 1993.
John J. Copelan, Jr., County Attorney, Andrea Karns Hoffman and Maite Azcoitia, Asst. County Attorneys, Fort Lauderdale, for appellant.
Harry M. Hausman, Pembroke Pines, for appellee-Kathryn C. Cento.
HOY, JOHN J., Associate Judge.
Kathryn Cento sued Broward County to recover damages for injuries suffered in a traffic accident between her automobile and a bus owned by the County. The County admitted liability and the case went to trial on the issue of damages. The County appeals from a jury award, claiming that the trial judge erred by denying a motion in limine directed to the testimony of a physician who examined the plaintiff under rule 1.360, Florida Rules of Civil Procedure. We affirm.
Broward County had Ms. Cento submit to an examination by Dr. John L. Wallquist on March 31, 1991. The County listed Dr. Wallquist as an expert on its witness list filed May 3, 1991. Plaintiff took a videotape deposition of Dr. Wallquist on June 25, 1991. The doctor gave his opinion that Ms. Cento had suffered a permanent injury as a result of the auto accident. Broward County filed a motion in limine on July 2, 1991, and on July 9, 1991, filed a revised expert witness list deleting Dr. Wallquist's name.
The County's motion in limine sought to exclude Dr. Wallquist as a witness or, alternatively, to prohibit any reference to him as having been hired originally by the County. The trial judge denied the motion entirely. During trial, the plaintiff played the videotape deposition. The County objected to the disclosure of the fact of hiring *1340 him on the videotape and further objected to the many references by plaintiff's counsel to Dr. Wallquist as "the County's doctor."
Relying on Sun Charm Ranch, Inc. v. Orlando, 407 So.2d 938 (Fla. 5th DCA 1981), and Jacksonville Transp. Auth. v. ASC Assocs., 559 So.2d 330 (Fla. 1st DCA 1990), the defendant argues that the trial judge should have prohibited any reference to Dr. Wallquist as the County's expert. In Sun Charm, a condemnee was not allowed to ask an expert witness whether he had been hired by the condemnor city in connection with the condemnation case. The expert was hired only as a consulting expert; he was not hired or named as a trial expert. Jacksonville Transportation Authority followed Sun Charm, holding that the condemnee improperly suggested that the condemnor had hired an expert and then failed to use him. The expert had been retained by the condemnor but had not been named as a trial witness. In this case, Broward County hired and named Dr. Wallquist as a trial witness. Under these facts the trial judge did not err in denying the motion in limine. The judgment below is therefore affirmed.
AFFIRMED.
GLICKSTEIN, C.J., and ANSTEAD, J., concur.