717 So.2d 1050 (1998)
Thomas O. POWELL, Appellant,
v.
STATE of Florida, Appellee.
Victor BATEN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 97-1285, 97-1286.
District Court of Appeal of Florida, Fifth District.
August 7, 1998.
*1051 James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant Thomas O. Powell
Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant Victor Baten.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer Meek, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
Thomas Powell[1] appeals from his judgment and sentences for possession of cocaine[2] and possession of drug paraphernalia.[3] Victor Baten[4] appeals from his judgment and sentence for possession of cocaine.[5] In both cases, the appellants pled no contest to the crimes involved in these cases and reserved their right to appeal the trial court's denial of their respective motions to suppress.[6] These appeals involve the same issue: Did the trial courts err in summarily denying the appellants' motions to suppress because the motions were untimely? We affirm.
In January of 1997, both Powell and Baten were charged with possession of cocaine, and in Powell's case, possession of drug paraphernalia. Both cases were set for a disposition/plea hearing on March 28, 1997, a pretrial conference on April 23, and a jury trial for the trial period beginning May 5, 1997. The orders setting the dates provide:
All pre-trial motions must be heard not later than seven (7) days prior to the Preliminary Conference. It shall be the responsibility of the moving attorney to promptly file and serve such motions and obtain a hearing time.
On April 28, 1997, defense counsel for both appellants filed motions to suppress. However, aside from information sent via electronic mail, counsel for both did not attempt *1052 to set a hearing on the motions to suppress in advance of the trial date.
In Powell's case, counsel made no mention of the motion to suppress at the pre-trial conference and at the time of the trial made no showing of any extenuating circumstances as to why it had not been filed in a timely fashion. The trial court denied the motion to suppress, stating:
The court notes that the motion to suppress was filed subsequent to the pretrial conference held in this case. The defense simply filed the Motion to Suppress and then announced, off the record, that the motion would be heard immediately prior to trial. Defense never offered any explanation as to why this motion was filed in an untimely manner.
In Baten's case, counsel had apparently announced at the pretrial conference that a motion to suppress would be filed. The court's response was "not good." Defense counsel attempted to communicate with the court by electronic mail and was told to expect no response to such electronic mailings. Counsel filed a motion to suppress on April 28, 1997. Before trial on May 7, the trial court denied the motion for the same reasons as given in the Powell case.
Powell and Baten argue on appeal that the trial court breached its discretion in not holding an evidentiary hearing on their motions to suppress. Both were filed before trial and both were technically timely under Florida Rule of Criminal Procedure 3.190(h)(4). That rule provides:
Time for Filing. The motion to suppress shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court may entertain the motion or an appropriate objection at the trial.
Both motions were tardy, pursuant to the court's orders which set the dates for disposition/plea hearing, preliminary conference and trial. That order required that these motions to suppress (all pre-trial motions) be heard not later than seven days prior to the preliminary conference, and it placed the burden and responsibility for filing and serving such motions and obtaining a hearing time on defense counsel. In these cases, defense counsel made no effort to obtain a continuance of those set dates and made no showing as to why the motions to suppress could not have been filed and heard in accordance with the trial court's schedule for each case. Apparently defense counsel failed to try to schedule a hearing on the motion to suppress prior to the trial dates.
One of the purposes of pretrial procedure orders is to avoid unnecessary delay of trials, and to permit both the defendant and the state to know before trial what issues and evidence will be allowed or received in evidence at trial. Bailey v. State, 295 So.2d 133 (Fla. 4th DCA 1974), quashed on other grounds, 319 So.2d 22 (Fla.1975). Similarly, rule 3.190(h)(4) is designed to promote the orderly process of a trial by avoiding the problems and delay caused when a judge must interrupt the trial, remove the jury from the courtroom and hear arguments and testimony on a motion to suppress that could have easily been disposed of before trial. Savoie v. State, 422 So.2d 308 (Fla.1982).
Filing a suppression motion seven days before trial and not attempting to set it for hearing prior to trial causes the same delay and confusion the rule was designed to prevent. Such motions should be heard and disposed of in advance of the trial date for many reasons, if at all possible. It avoids the delay and confusion at trial mentioned by Savioe. It also enables each party to plan the orderly presentation of their case, knowing what evidence or testimony will or will not be admissible. Further, it allows the state an opportunity to appeal the ruling if the motion to suppress is granted. Fla. R.App. P. 9.140(c)(1)(B).
In these two cases, there appears no good reason for defense counsels' failure to comply with the trial court's orders. Nothing has been offered by way of mitigating circumstances. We must conclude defense counsels' actions in these cases were engaged in as a means to delay or obtain a continuance of the trial, and to frustrate witnesses who had been subpoenaed for trial. Under these *1053 circumstances, we do not find that the trial court abused its discretion.
AFFIRMED.
COBB and ANTOON, JJ., concur.
NOTES
[1] Appeal No. 97-1285.
[2] 893.13(1)(a)(1), Fla. Stat.
[3] § 893.147(1), Fla. Stat.
[4] Appeal No. 97-1286.
[5] § 893.13(6)(a), Fla. Stat.
[6] Because these appeals involve the same issue and they were ordered to "travel together," we have consolidated them for disposition on appeal.