727 So.2d 1047 (1999)
Juan CARRILLO, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00711.
District Court of Appeal of Florida, Second District.
February 19, 1999.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
DANAHY, PAUL W., (Senior) Judge.
Juan Carrillo challenges his aggravated assault conviction. We agree that the trial court committed reversible error when, over Carrillo's objection, it admitted into evidence statements he made at the time of his arrest in which the negligible probative value of the statements was substantially outweighed by the prejudice to him. Because the admission of the statements cannot be considered harmless error, we reverse.
Maria Lackey testified that at the time of the incident she and Carrillo were in a relationship and living together. On the day in question, they got into an argument because she would not loan him her car. She testified that she and Carrillo were sitting next to each other at their home when he picked up the chair he had been sitting on and raised it over his head. She was afraid because she didn't know whether he was going to throw it at her or what else he might do with it. She never indicated that Carrillo said that he would hit her with the chair. Carrillo put the chair down and Lackey left the house. An hour after the incident, she called the police and returned home with two officers because she wanted them to remove Carrillo from the house.
Deputy Jeremy Nygren testified that when he went with Lackey to the house, Carrillo was sitting calmly, watching television. The deputy then handcuffed Carrillo and read him his rights. Anticipating what the deputy would tell the jury next, Carrillo objected to the admission of any testimony regarding the angry statements he made during an outburst with the deputy that occurred an hour after the incident with Lackey. Carillo's objection was made on the ground that this testimony unfairly prejudiced him and that the prejudice substantially outweighed its probative value. Carrillo further asserted that his statements to the deputy merely reflected his state of mind as a result of his being arrested and were not relevant to his state of mind at the time of the incident. The trial court found the deputy's testimony to be admissible and granted Carrillo a standing objection.
Deputy Nygren then testified that after Carrillo was told of Lackey's allegations he *1048 became upset and stated, "I'm not going to jail for that bitch." When he was placed inside the police car, he banged his head on the side of the car, stamped his feet, and cursed. He yelled, "if I'm going to jail for this bitch, I might as well kill her." The prosecutor, in his closing argument, relied heavily upon Deputy Nygren's testimony.
Carrillo did not testify at his trial. His sister, Daisy Otero, testified that after the incident Lackey told her that Carrillo raised a chair, but not in anger, and not toward her.
Pursuant to section 90.403, Florida Statutes (1995), relevant evidence is inadmissible in a trial where the probative value is substantially outweighed by the danger of unfair prejudice. In deciding whether to reverse a conviction based on the improper admission of such evidence, appellate courts will apply a harmless error test. See Gore v. State, 719 So.2d 1197 (Fla.1998); Steverson v. State, 695 So.2d 687 (Fla.1997).
Here, the State's case was not a strong one. Lackey testified that she didn't know what Carrillo was going to do with the chair. In his statement to Deputy Nygren, Carrillo indicated that he was going to throw the chair through a window.[1] Carrillo's statement, made over an hour after the incident, that if he was going to jail for Lackey he "might as well kill her," was extremely prejudicial and, along with the deputy's description of his behavior in the police car, may well have made the difference between acquittal and conviction. Because Carrillo's threats and disruptive behavior in the police car were so far removed in time from the incident with Lackey, they had little probative value as to his intent or state of mind at the earlier time. Furthermore, the two incidents were not inextricably intertwined. See Porter v. State, 715 So.2d 1018 (Fla. 2d DCA 1998) (in prosecution for resisting arrest with violence and battery on a law enforcement officer, defendant's wife's statement that the defendant was trying to kill her not inextricably intertwined with crime where there was a clear break between the statement and the defendant's altercation with the deputies responding to the domestic violence call).
We conclude that the trial court improperly admitted the objected to statements and that the error is not harmless. Accordingly, we reverse the judgment and sentence and remand to the trial court for further proceedings. In any retrial in this case, the trial court shall not admit testimony that Carrillo called Lackey a bitch, that he stated that he might as well kill her, or that he engaged in disruptive behavior after his arrest.
Reversed and remanded for further proceedings.
PARKER, C.J., and WHATLEY, J., Concur.
NOTES
[1] This statement was not objected to, and was properly admitted into evidence pursuant to section 90.803(18), Florida Statutes (1995).