779 So.2d 615 (2001)
Samuel Newton McCALLISTER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3069.
District Court of Appeal of Florida, Fifth District.
March 2, 2001.
James B. Gibson, Public Defender, and John M. Selden, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Samuel McCallister appeals from a judgment of the trial court finding him guilty of aggravated assault with a deadly weapon. McCallister argues, inter alia, that the trial court erred in admitting testimony regarding an unduly prejudicial statement made by McCallister. We reverse.
An argument ensued between McCallister and his neighbor. McCallister became enraged, entered his apartment, obtained a machete, proceeded back outside and, with the weapon in hand, approached the neighbor and threatened to kill him. The frightened neighbor retreated to his home and telephoned the police, who came to the scene and arrested McCallister.
The issue is whether the trial court erred in admitting a statement McCallister made as he was being transported to jail after his arrest. He stated, "That nigger is dead; when I get out, he better hope I never get out." The trial court granted a pre-trial motion in limine that prohibited the State from admitting this statement, but reversed its decision during the trial. A trial court's pre-trial ruling on a motion *616 in limine is tentative because the shifting sands of the trial in progress may cause a trial judge to rethink an earlier evidentiary ruling based on a maturing understanding of the case. See Donley v. State, 694 So.2d 149 (Fla. 4th DCA 1997); Blackburn v. State, 314 So.2d 634 (Fla. 4th DCA 1975).
Here, when the trial judge initially granted the motion in limine, he stated that he was unable to weigh the probative value versus the prejudicial effect of the evidence because he had not heard any evidence. After the deputy who heard the statement testified, however, the State proffered the statement and the trial court reversed its initial ruling and allowed the statement.
We conclude that the initial ruling was correct and that admitting the statement was error because the statement's probative value is far outweighed by the prejudice to McCallister. See Carrillo v. State, 727 So.2d 1047 (Fla. 2d DCA 1999). First, as in Carrillo, the prejudicial statement was made subsequent to the initial incident. In fact, the arrest was made approximately 45 minutes after the incident. Because the statement was so far removed in time from the incident, it had very little probative value as to McCallister's motive. Moreover, the only witness to testify regarding the statement, over objection, was the deputy. At trial, the deputy testified that he was unable to ascertain the exact quote, despite it being recorded, because when he replayed the tape all he could hear was wind, which was caused by open windows on the squad car. The statement, therefore, was reproduced by the deputy based solely upon his memory after transporting McCallister to jail. We further conclude that the trial court's determination to allow the highly prejudicial statement was not harmless error because it could have been the difference between conviction and acquittal, especially in light of the fact that the victim was the only eyewitness to the commission of the crime who testified at trial. See Gore v. State, 719 So.2d 1197 (Fla.1998).
Accordingly, we reverse the conviction and sentence and remand for a new trial.[1]
REVERSED and REMANDED for a new trial.
COBB and PLEUS, JJ., concur.
NOTES
[1] We note that McCallister's oral motion to suppress was denied as being untimely. See Powell v. State, 717 So.2d 1050 (Fla. 5th DCA 1998). Given our disposition, it is unnecessary for this court to address the propriety of this ruling. Suffice it to say on remand McCallister is not precluded from raising a motion to suppress which comports with the dictates of Florida Rule of Criminal Procedure 3.190.