927 So.2d 1079 (2006)
David DENMARK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-5107.
District Court of Appeal of Florida, Second District.
May 17, 2006.
*1080 John R. Blue, Alina Alonso, and Sorraya Solages of Carlton Fields, P.A., Miami, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
David Denmark seeks a new trial on charges of battery on a law enforcement officer, depriving an officer of means of protection, and resisting an officer without violence. He argues that the State's use of prior offenses deprived him of a fair trial. We agree and reverse and remand for a new trial.

Background
The charges against Mr. Denmark stem from a January 2001 incident during which law enforcement officers spotted him on property posted "no trespassing." Two officers stopped Mr. Denmark and asked for his name. Learning that Mr. Denmark had given a false name, the officers summoned backup. When asked again for his name, Mr. Denmark gave another false name. This time, however, the officers' name check revealed an outstanding warrant for the person whose name Mr. Denmark had volunteered. At that point, two officers surrounded Mr. Denmark and told him that he was under arrest. Mr. Denmark attempted to flee. A melee ensued. Eventually, the officers subdued him.
Mr. Denmark, twenty-nine years old at the time of his arrest, had a long history of paranoid schizophrenia. He believed that police wanted to hurt or kill him. Twice, the trial court found him incompetent to stand trial. Finally, three years after his arrest, Mr. Denmark was found competent and proceeded to jury trial. He relied on an insanity defense. Two defense experts testified that Mr. Denmark was insane at the time of his arrest. Two State experts concluded that Mr. Denmark suffered from delusional paranoid schizophrenia, not insanity. Two other State experts opined that Mr. Denmark was delusional or psychotic but still could differentiate between right and wrong.
Reports from the State's experts referred to prior offenses, primarily juvenile offenses, committed by Mr. Denmark. He moved, in limine, to determine whether any testimony about these prior offenses would be allowed from the experts. The trial court deferred ruling. As the trial progressed, Mr. Denmark again moved to exclude testimony about the prior offenses. The trial court ruled that specifics of past juvenile offenses should not be raised unless "striking and important" to the experts' opinions.
Ignoring the trial court's admonition, the prosecutor asked one of Mr. Denmark's experts, "And [Mr. Denmark] was thrown out of ... school at age eleven when he phoned in a bomb threat, fair statement?" The trial court denied Mr. Denmark's motion for mistrial. The prosecutor continued to question experts about Mr. Denmark's conduct as a preteen. Mr. Denmark continued to object and renewed a motion for mistrial. The trial court sustained the objections but denied the mistrial motion. The trial judge warned the prosecutor, however,
I'm putting the brakes on going back to the items that are so far removed in time and space.... [W]e're talking *1081 about events that are 18 or 20 years removed without specific spaces to tie them into the facts at hand [which] is inappropriate. They are not probative of the matter.
Apparently unwilling to adhere to the trial court's ruling, the prosecutor twice thereafter questioned an expert about Mr. Denmark's juvenile legal problems. Mr. Denmark objected, the trial court reiterated its ruling, and the prosecutor voiced his displeasure with the ruling. The prosecutor continued referring to Mr. Denmark's juvenile offenses.[1]

Analysis
Mr. Denmark argues that the trial court erred in allowing the State to present evidence of his prior juvenile offenses. The trial court sustained Mr. Denmark's objections. Unfortunately, the prosecutor persisted. The trial court denied Mr. Denmark's mistrial motions. Although no curative instruction was requested or given, any such instruction would not have cured the error. See, e.g., Groebner v. State, 342 So.2d 94, 95 (Fla. 3d DCA 1977) (holding improper remarks of prosecutor were of such character that neither objection nor curative instruction could entirely destroy their sinister influence; mistrial motion should have been granted); Fischman v. Suen, 672 So.2d 644, 646 (Fla. 4th DCA 1996) (discussing futility of curative instruction in context of evidence of other illegal conduct).
Evidence of prior bad acts  Williams[2] rule evidence  consists of prior conduct that may be admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident; it is inadmissible when relevant solely to prove bad character or propensity. See § 90.404(2)(a), Fla. Stat. (2003). The evidence upon which the prosecutor focused was not Williams rule evidence. Indeed, the prosecutor never established a basis for using Mr. Denmark's juvenile offenses as Williams rule evidence. The challenged evidence was factually and temporally unrelated to the January 2001 offenses. Accordingly, the relevancy rule of section 90.402 governed the admissibility of the evidence elicited by the State. See Sexton v. State, 697 So.2d 833, 837 (Fla. 1997); Bryan v. State, 533 So.2d 744, 746 (Fla.1988).
All relevant evidence is admissible except as provided by law. § 90.402. Relevant evidence is any evidence that tends to prove or disprove a material fact. § 90.401. However, "[r]elevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." § 90.403. Thus, section 90.403 mandates a weighing process. See State v. McClain, 525 So.2d 420, 422 (Fla. 1988). When the unfair prejudice substantially outweighs the probative value of the evidence, the trial court should exclude the evidence. In that weighing process, the trial court may consider the need for the evidence, the tendency of the evidence to suggest to the jury an improper basis for resolving the matter, the chain of inference necessary to establish the material fact, *1082 and the effectiveness of a limiting instruction. Steverson v. State, 695 So.2d 687, 689 (Fla.1997) (citing McClain, 525 So.2d at 422; 1 C. Ehrhardt, Florida Evidence § 403.1 at 100-13 (2d ed. 1984)). Here, the trial court aptly concluded that the evidence of Mr. Denmark's remote juvenile conduct had little, if any, probative value. See Donahue v. Albertson's Inc., 472 So.2d 482, 483 (Fla. 4th DCA 1985) (noting evidence can be remote in time or remote in sense of being too attenuated); Carrillo v. State, 727 So.2d 1047, 1048 (Fla. 2d DCA 1999) (holding under section 90.403 that threats and disruptive behavior occurring over an hour after aggravated assault was too far removed in time and had little probative value as to intent or state of mind at time of offense). Our record does not disclose that the trial court assessed the undue prejudice that the evidence might work upon Mr. Denmark.
The facts underlying Mr. Denmark's January 2001 arrest were not subject to much dispute. His sanity at the time of the offenses was the key issue. For purposes of the probative value prong of section 90.403, the trial court acknowledged that Mr. Denmark's conduct from approximately twenty years earlier would not be addressed unless "striking and important" to the experts' opinions.
The prosecutor repeatedly referred to Mr. Denmark's juvenile offenses, without linking Mr. Denmark's January 2001 mental condition to the events that plagued him as a juvenile. The prosecutor established no probative value for the evidence. Under section 90.403, the trial court should have weighed the absence of probative value against the undue prejudice to Mr. Denmark. See McClain, 525 So.2d at 422 (holding section 90.403 compels trial court to weigh danger of unfair prejudice against probative value of evidence); Steverson, 695 So.2d at 689 (explaining proper application of section 90.403 balancing test; even where some relevance shown, court must weigh and exclude evidence when danger of unfair prejudice substantially outweighs probative value). That weighing would have compelled the exclusion of the prior juvenile offenses. Instead, the prosecutor was able to elicit testimony that could serve only to unduly prejudice, mislead, or distract the jury. See Nowitzke v. State, 572 So.2d 1346 (Fla.1990) (reversing conviction based on prosecutorial errors that overreached, presented irrelevant and immaterial facts, misled jury, and discredited insanity defense); Maldonado v. Allstate Ins. Co., 789 So.2d 464, 470 (Fla. 2d DCA 2001) (holding evidence of illegal alien status improperly admitted under section 90.403 where unfair prejudice, confusion of issues, and misleading of jury thoroughly outweighed probative value); Dean v. State, 690 So.2d 720, 723 (Fla. 4th DCA 1997) (holding under section 90.403 general drug dealer criminal behavior patterns unduly prejudicial with only purpose to place misleading inferences before jury).

Conclusion
We apply a harmless error test to the improper admission of evidence under section 90.403. Steverson, 695 So.2d at 690-91 (citing State v. DiGuilio, 491 So.2d 1129 (Fla.1986)); Carrillo, 727 So.2d at 1048. Based on our record, we cannot conclude that the interjection of irrelevant, remote, unduly prejudicial, and misleading suggestions to the jury was harmless beyond a reasonable doubt.[3]
Reversed and remanded for a new trial.
NORTHCUTT and DAVIS, JJ., Concur.
NOTES
[1] We recognize that counsel must advocate vigorously for his or her client. We are also aware that, at trial, counsel may try to "push the envelope" on evidentiary issues. The obligation to represent a client zealously, however, is not unbounded. Counsel is an officer of the court and must comport himself or herself with the trial court's rulings. We are compelled to express our concern with the prosecutor's unwillingness to follow the trial court's rulings.
[2] Williams v. State, 110 So.2d 654, 663 (Fla. 1959).
[3] We need not address Mr. Denmark's argument that a single comment in the State's closing argument impermissibly belittled the insanity defense. Nevertheless, we re-emphasize the duty of all counsel to refrain from improper argument. See, e.g., Nowitzke, 572 So.2d 1346 (holding prosecutorial errors through trial and closing argument misled jury and discredited insanity defense); Milburn v. State, 742 So.2d 362, 364 (Fla. 2d DCA 1999) (holding prosecutor's closing argument misstatement of defendant's burden on insanity defense required new trial); Connelly v. State, 744 So.2d 531, 532 (Fla. 2d DCA 1999) (reversing conviction based on prosecutorial misconduct during trial and closing argument).