985 So.2d 637 (2008)
Gale Wendalyn CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4573.
District Court of Appeal of Florida, Fourth District.
June 18, 2008.
Rehearing Denied August 8, 2008.
Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
Defendant was charged with stealing diamonds and sapphires from a jewelry store operated by her and her husband and then procuring insurance benefits for the loss. Four days before her trial was to begin, she filed a motion to suppress a statement she made to police when they *638 were investigating the missing stones, but she made no attempt to have the motion heard before trial.[1] As trial was beginning, she brought the court's attention to the pending motion. The trial judge reviewed the motion, as well as a transcript of the statement, and denied the motion without an evidentiary hearing.
Trial proceeded. During trial, the police officer testified as to the circumstances surrounding the statement, and defense counsel cross-examined the officer extensively as to the voluntariness of the statement. Later, defendant testified on her own behalf, relating the circumstances under which she gave the statement. When the defense rested, the trial judge denied the motion on its merits but also ruled alternatively that she had waited too long to file the motion and had therefore waived the issue. On appeal she argues that it was error not to have held an evidentiary hearing on the motion before trial. We affirm.
In a pretrial order some eight months before trial, the court had instructed both sides to present all motions in writing and to arrange to have them heard before trial. At three different hearings in the months before trial, defendant had announced that she was ready for trial. When she filed the motion to suppress just four days before trial, she omitted any statement as to why she was filing the motion at that late date.
Defendant relies on Gadson v. State, 600 So.2d 1287 (Fla. 4th DCA 1992), to argue that the failure to hold a pretrial hearing on the motion is per se grounds for reversal. In Gadson, the motion was filed several months before trial. It was summarily denied nine months after filing based only on the motion papers. There is no suggestion in Gadson that the motion was filed on the very eve of trial in violation of pretrial orders. Nor does Gadson indicate any reason for failing to afford defendant an evidentiary hearing on the motion during the nine months intervening before trial. We thus distinguish Gadson from the circumstances we face today in this case and find it inapposite.[2]
In contrast, the procedural circumstances in this case are identical to those in Powell v. State, 717 So.2d 1050 (Fla. 5th DCA 1998). There as here the trial court had ordered the parties to file their motions in writing and arrange to have them heard before trial. As here, defendant had nonetheless waited until a few days before trial began to file a motion to suppress. The trial judge refused to hear the motion as it was untimely and in violation of the pretrial order. In upholding the trial judge's exercise of discretion, the Fifth District explained:
"One of the purposes of pretrial procedure orders is to avoid unnecessary delay of trials, and to permit both the defendant and the state to know before trial what issues and evidence will be allowed or received in evidence at trial. Similarly, rule 3.190(h)(4) is designed to promote the orderly process of a trial by avoiding the problems and delay caused when a judge must interrupt the trial, *639 remove the jury from the courtroom and hear arguments and testimony on a motion to suppress that could have easily been disposed of before trial.
"Filing a suppression motion seven days before trial and not attempting to set it for hearing prior to trial causes the same delay and confusion the rule was designed to prevent. Such motions should be heard and disposed of in advance of the trial date for many reasons, if at all possible. It avoids the delay and confusion at trial mentioned by Savioe. It also enables each party to plan the orderly presentation of their case, knowing what evidence or testimony will or will not be admissible. Further, it allows the state an opportunity to appeal the ruling if the motion to suppress is granted.
"In these two cases, there appears no good reason for defense counsels' failure to comply with the trial court's orders. Nothing has been offered by way of mitigating circumstances. We must conclude defense counsels' actions in these cases were engaged in as a means to delay or obtain a continuance of the trial, and to frustrate witnesses who had been subpoenaed for trial. Under these circumstances, we do not find that the trial court abused its discretion." [c.o.]
717 So.2d at 1052-53. We agree with this Powell analysis and conclude that in this instance the trial court did not abuse its discretion in refusing to delay trial for an evidentiary hearing on the newly filed motion to suppress.[3]
Finally, we find no error in the denial of defendant's motion for judgment of acquittal at the conclusion of all evidence at trial. The state offered prima facie evidence of her knowing involvement in the theft and false insurance claim.
Affirmed.
WARNER and GROSS, JJ., concur.
NOTES
[1] See Fla. R.Crim. P. 3.190(h)(4) ("motion to suppress shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion").
[2] We also distinguish Williams v. State, 548 So.2d 898 (Fla. 4th DCA 1989). Defendant had filed the motion to suppress timely but had failed to arrange for a hearing, yet then filed a later motion for speedy trial. The trial judge ruled that the motion for speedy trial waived any pretrial hearing on the motion to suppress. We simply held that the later motion did not waive the right to a hearing before trial. These circumstances do not exist in the present case.
[3] We would also affirm on the merits of the motion, in any event.