IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CRAIG B. KERRY,

       Appellant,

 v.                                        Case No.  5D17-1006

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed December 1, 2017

Appeal from the Circuit Court
for Orange County,
Leticia J. Marques, Judge.

James S. Purdy, Public Defender, and
Sean K. Gravel, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Samuel Perrone,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Craig Kerry appeals his convictions for attempted manslaughter, robbery, and

aggravated battery; each charge included the discharge of a firearm causing great bodily

harm and the use of a mask. Kerry raises five issues on appeal, only two of which merit

discussion. Kerry submits that he is entitled to a new trial because the State introduced

evidence of collateral crimes and failed to redact Kerry's use of racial epithets in a

recorded interview that was played for the jury. Neither of the issues was preserved for appeal. Because neither issue was preserved, Kerry must establish fundamental error to be entitled to relief. "To be fundamental, an error must 'reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" Farina v. State, 937 So. 2d 612, 629 (Fla. 2006) (quoting Harrell v. State, 894 So. 2d 935, 941 (Fla. 2005)). The error must go to "the foundation of the case." Id.

After his arrest for a violent robbery at a Gators Dockside, Kerry claimed during interrogation to have an alibi. Kerry contended that he had smoked a "blunt" with his "lady" at his mother's house and later gambled with friends at a hotel. However, when confronted with a video showing him exiting the vehicle that was observed at the robbery scene, Kerry changed his story. He then claimed that he loaned the vehicle[1] to two other individuals who committed the robbery. He alleged that they had him park the car so it appeared that he was driving. During the interrogation, Kerry used racial epithets when speaking of those individuals. He also used racial slurs while alone in the room.

Kerry himself injected the collateral crimes evidence into the case in an effort to establish an alibi. He told the officers that he was not involved in the robbery because he was smoking a "blunt" with his "lady" and gambling with his friends. Thus, the admission of this evidence did not amount to fundamental error.

Although Kerry himself used the racial epithets, the introduction of these statements is more problematic. It would have been difficult but not impossible to redact

---

[1] The vehicle observed at the scene of the robbery belonged to Kerry's mother.

the comments Kerry made with the officers in the room. Redaction of the comments Kerry made while alone in the interrogation room would have been easier.[2] Unless such language is relevant, it should be excluded. We caution the State that in our view, under most circumstances, the use of racial epithets should be redacted. See, e.g., McCallister v. State, 779 So. 2d 615, 616 (Fla. 5th DCA 2001). However, under the facts and circumstances of this case, we do not find that the State's failure to redact those statements from Kerry's interview constituted fundamental error.

AFFIRMED.

COHEN, C.J., SAWAYA and EDWARDS, JJ., concur.

---

[2] The prosecutor made some efforts to redact Kerry's statement but the record on appeal does not reflect the nature or extent of those efforts.