338 So.2d 567 (1976)
Elanor Burbank McBRIDE, Appellant,
v.
STATE of Florida, Appellee.
No. Z-478.
District Court of Appeal of Florida, First District.
October 27, 1976.
Robert G. Kerrigan of Kerrigan & Estess, Pensacola, for appellant.
Robert L. Shevin, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for appellee.
*568 McCORD, Judge.
Elanor Burbank McBride was found guilty by jury of robbery, and she appeals from the judgment and sentence. On the evening of November 8, 1974, she was riding on the passenger side of the front seat of an automobile driven by her husband, Robert, when he parked it on a street in a wooded area and got out leaving the engine running. She testified that he told her he was going into the woods to relieve himself. He went through the woods to a 7-11 Convenience Store located approximately 150 yards from his automobile and out of sight of the automobile. He robbed the store and made a speedy exit. A sheriff's deputy outside the store saw what was happening and began shooting at Robert and he ran into the woods. Following him into the woods, the deputy came upon the vehicle and found Elanor lying with her head on the front seat. Deputies shot the rear tire of the automobile, Elanor got out, and according to the testimony of the deputies, she hurled a series of obscenities at them.
Elanor contends that the verdict was not supported by the evidence, that the trial court should have granted her motion for judgment of acquittal. We agree. There is no evidence that Elanor aided and abetted her husband in his perpetration of the robbery. The automobile was too far from the convenience store for her to have been acting as a lookout. From the evidence presented, it is sheer speculation to say that she intended to assist him in his getaway by driving the car. Such a conclusion would rest only upon supposition unsupported by evidence. Compare Taylor v. State, 330 So.2d 91 (Fla.1 DCA 1976); Lockett v. State, 262 So.2d 253 (Fla.4 DCA 1972); Hutchins v. State, 311 So.2d 198 (Fla.3 DCA 1975). There is not circumstantial evidence of such a conclusive nature and tendency as to show that Elanor was guilty of aiding and abetting her husband in the commission of this crime. The evidence presented is not inconsistent with innocence. We, therefore, reverse.
We consider it is necessary that we also comment on the contention of appellant that she was denied a fair trial because of prosecutorial misconduct. The prosecutor elicited testimony as to obscenities which deputies stated were uttered by appellant when she exited the car. One of these obscenities testified to by a deputy was an alleged obscene slur of the deputy's wife to the effect that she was having sexual relations with "niggers." Such alleged statement had no relevance to the case being tried but was undoubtedly offensive to two members of the jury who were of the black race. The effect of this remark attributed to appellant was to prejudice her in the eyes of the jury  particularly the two black members. Appellant moved for a mistrial which the judge denied stating:
"Ladies and gentlemen of the jury, this has no relevancy ... As far as the testimony is concerned, this is a fair statement by the witness, as you will not consider this statement by the witness." (Underlining added.)
Later, on his "Order on Petition for Rehearing Denying Motion for New Trial", the trial judge indicated that he thought the transcript was in error, that he believed he used the word "bare" rather than the word "fair" and the word "and" rather than the word "as", both of which we have underlined in the above quotation. In either event, it is not likely that the instruction removed the prejudice which had been injected into the trial.
In addition, the first question asked appellant on cross-examination by the prosecutor was the following:
"Mrs. McBride, this isn't the first time you have driven a getaway car, is it?"
Appellant's counsel objected to the question and moved for a mistrial. The trial court denied the motion for mistrial but sustained the objection and instructed the jury, "You will not consider the question ladies and gentlemen." The prosecutor certainly should have known that this was a highly improper question. It left in the jury's mind the innuendo that appellant had been guilty previously of aiding and abetting robberies. The prosecutor should know *569 that the only appropriate initial question he could ask appellant was whether or not she had ever been convicted of a crime without mentioning a particular crime. The trial judge's failure to grant the motion for mistrial due to prejudice injected into the trial by the prosecutor was an abuse of discretion.
Appellant also contends that the prosecutor made improper and prejudicial statements in his closing argument, but since no objection was made by the appellant at the time we will not deal with it here. Thomas v. State, 326 So.2d 413 (Fla. 1976).
Reversed and remanded with directions that appellant be discharged.
RAWLS, Acting C.J., and WARREN, LAMAR, Associate Judge, concur.