PER CURIAM.
Appellants, Larry Milo Helton and Leola Delores Helton, were charged with attempted breaking and entering with intent to commit a misdemeanor. Both were found guilty by a jury as charged, adjudicated guilty and sentenced by the trial court. The only ground for reversal urged by appellants is that the evidence was insufficient to sustain the convictions.
Testimony adduced at the trial placed Leola Delores Helton in an automobile in the vicinity of a dwelling house owned by one Williams. An unidentified male occupant of a vehicle jumped a two and one-half foot fence and attempted to jimmy one of the windows of the dwelling. In response to a whistle from that man, appellant Larry Milo Helton (Leola’s husband) ran from the vehicle and joined the individual who was attempting to force the window open. Shortly thereafter, Leola drove the automobile away from the area and was subsequently apprehended and charged with her husband. At the conclusion of the State’s case, appellants severally moved for judgment of acquittal upon the ground that the evidence was insufficient to sustain the charge lodged. The motion was denied by the trial court.
 While the evidence presented by the State supports the trial judge’s finding as to Larry Milo Helton, the evidence was entirely insufficient to support the charge lodged against appellant Leola Delores Hel-ton. There is not one scintilla of evidence of any conversation between Leola and the two men who had been with her in the automobile as to any plans on their part to break into the dwelling. The evidence equally supports the hypothesis of innocence on the part of Leola that upon realizing that her husband and the other individual were about to commit a criminal offense, she departed the scene and left them to take their chances. Thus, the trial judge erred in not granting Leola Delores Hel-ton’s motion for judgment of acquittal. (See McBride v. State, Fla.App., 338 So.2d 567, Opinion filed October 27, 1976). Accordingly, the conviction of Larry Milo Hel- *1331 ton is affirmed but the conviction of Leola Delores Helton is reversed with directions that she be discharged.
AFFIRMED IN PART; REVERSED IN PART.
BOYER, C. J., and RAWLS and McCORD, JJ., concur.