970 So.2d 412 (2007)
John CLINTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4279.
District Court of Appeal of Florida, Fourth District.
November 14, 2007.
Rehearing Denied January 8, 2008.
*413 John G. George of John G. George, P.A., Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
We affirm John Clinton's conviction of aggravated battery, finding no error in the admission of certain evidence, no prejudicial error in the failure to record several bench conferences, and no double jeopardy violation.
In a two-count information, the state charged Clinton with attempted first degree murder and aggravated battery. The attempted murder charge in Count I specified the criminal conduct as "repeatedly stabbing [the victim], saying `die nigger, die' or words to that effect." Count II charged aggravated battery and described the crime as either an unlawful and intentional "touch or strike" with a deadly weapon or the causing of great bodily harm, permanent disability, or permanent disfigurement "by stabbing [the victim] repeatedly."
The evidence at trial was that Clinton stabbed Stacy Landy because Landy gave him bogus cocaine rock. First, Clinton stabbed Landy in the stomach. Landy felt a "hard pinch" and walked away. Landy then walked towards a convenience store and collapsed into the arms of a friend, Katrina Mutz, who tried to fight off Clinton's repeated efforts to stab a "limp" Landy, but Clinton succeeded in stabbing him in the rib cage. After this last stabbing, Clinton stood over Landy screaming, "I'm going to kill you nigger," over and over.
The judge submitted the attempted murder charge to the jury with five lesser included offenses, including aggravated battery. The jury found Clinton not guilty *414 on the Count I attempted murder charge and guilty of aggravated battery as charged in Count II.
Clinton contends that the trial court erred in allowing Mutz to testify about the racial slur. Clinton failed to object to this evidence at trial, so it was not preserved for appellate review. See § 924.051(3), Fla. Stat. (2006). In any event, the evidence of the slur was properly admitted because Clinton said it immediately after the stabbing, so it was relevant to prove that he acted with a premeditated design to cause the victim's death. Compare McBride v. State, 338 So.2d 567 (Fla. 1st DCA 1976) (holding that trial court should have granted mistrial after prosecutor elicited testimony concerning defendant's racial slur about a deputy's wife that had no relevance to case).
Next, Clinton contends that double jeopardy bars his conviction of aggravated battery under Count II because he was acquitted of Count I, which contained a lesser included offense of aggravated battery. Clinton argues that there was "one stabbing of one victim taking place in a single episode" and that the verdicts are truly inconsistent. However, we find no double jeopardy violation because the evidence demonstrated that the stabbings were multiple criminal episodes; they occurred in different locations with temporal breaks between the stabbings. See State v. Paul, 934 So.2d 1167, 1173 (Fla.2006). Each temporal break allowed Clinton to reflect and form a new criminal intent for each stabbing. See Cabrera v. State, 884 So.2d 482, 484 (Fla. 5th DCA 2004). There is no inconsistency in the verdicts because the jury could have viewed the evidence differently as to each attack. Also, the verdict might well have been the result of the jury exercising its pardon power, rather than a definitive statement on Clinton's innocence.
This was not a situation of a truly inconsistent verdict on legally interlocking charges. See State v. Powell, 674 So.2d 731, 732-33 (Fla.1996). This court has defined true inconsistent verdicts as "those in which an acquittal on one count negates a necessary element for conviction on another count." Gonzalez v. State, 440 So.2d 514, 515 (Fla. 4th DCA 1983); Hill v. State, 839 So.2d 865 (Fla. 4th DCA 2003). Only "[v]erdicts that are inconsistent in this way `require acquittal.'" Moody v. State, 931 So.2d 177, 183 (Fla. 2d DCA 2006) (citation and emphasis omitted).
Finally, we find no error in the failure of the court reporter to record several sidebar conferences. The defects in the record were "inconsequential inaccuracies or omissions" insufficient to justify a new trial. See Osborne v. State, 290 So.2d 93 (Fla. 1st DCA 1974).
Affirmed.
WARNER, J., and CHUMBLEY, DOUGLAS, Associate Judge, concur.