GERBER, J.
 

 Michael D. Rich, the defendant below, was convicted of sale or delivery of cocaine within one thousand feet of a convenience business and resisting an officer without violence. The defendant appeals the trial court’s decisions to allow evidence and argument regarding the defendant’s use of a racial slur while he was engaged in the sale. We find the trial court’s decisions were harmless errors and affirm.
 

 One white officer and two black officers posed as drug buyers and approached the defendant, who is black, near a convenience business. The white officer asked the defendant for cocaine, but the defendant said no. The defendant then approached the two black officers and offered to sell them cocaine, saying, “I got you, but I ain’t going to deal with you in front of this cracker,” referring to the white officer. The defendant handed over cocaine in exchange for a pre-marked twenty-dollar bill. The officers then attempted to arrest the defendant. The defendant fled, but the officers soon took him into custody.
 

 After jury selection, but before opening statements, the defendant moved in limine
 
 *1229
 
 to preclude the state from referring to the defendant’s use of the racial slur “cracker.” The defendant argued the term was inflammatory, not probative, and might affect some jurors, which included three white males. The state opposed the motion, contending the defendant’s statement explained why he sold the cocaine to a black officer. The defendant replied that, even if relevant, the prejudicial effect outweighed any probative value. The trial court denied the motion.
 

 During the trial, the black officers testified to the defendant’s statement. During one of the officer’s testimony, the defendant renewed his objection, which the trial court overruled. During closing argument, the state, over the defendant’s objection, referred to the defendant’s statement as follows:
 

 [The defendant] saw two people that he could sell cocaine to, and so he attempted to do it. Why [the black officers]. He told them. And I don’t want to repeat the same words he used. But he felt comfortable selling to [the black officers], because of their race. He didn’t want to sell to [the white officer], because he was white. And he made it clear, why he didn’t want to sell to [the white officer].
 

 The jury convicted the defendant. The defendant argues on appeal the trial court reversibly erred in permitting testimony and argument regarding the defendant’s use of the term “cracker.” The defendant contends his use of the term was not probative to any issue at trial and was highly prejudicial in inflaming the jury’s emotions. We review the trial court’s decisions under an abuse of discretion standard.
 
 See Tengbergen v. State,
 
 9 So.3d 729, 736 (Fla. 4th DCA 2009) (“The standard of review for admissibility of evidence is abuse of discretion,
 
 limited by the rules of evidence.”)
 
 (emphasis added);
 
 Peterson v. State,
 
 2 So.3d 146, 158 (Fla.2009) (“[A]ppellate courts apply an abuse-of-discretion standard when considering whether a trial court erred in overruling objections to comments made during closing arguments.”).
 

 We agree with the defendant that, under the rules of evidence, his use of the term “cracker” was not relevant. “Relevant evidence is evidence tending to prove or disprove a material fact.” § 90.401, Fla. Stat. (2008). “In determining relevance, we look to the elements of the crime charged and whether the evidence tends to prove or disprove a material fact.”
 
 Johnson v. State,
 
 991 So.2d 962, 966 (Fla. 4th DCA 2008). Here, the elements on the sale of cocaine charge, as the trial court instructed, were: (1) the defendant sold or delivered a certain substance; (2) in, on, or within one thousand feet of a convenience business; (3) the substance was cocaine; and (4) the defendant had knowledge of the presence of the substance.
 
 See
 
 Fla. Std. Jury Instr. (Crim.) 25.6. Although the defendant’s use of the phrases “I got you” and “I ain’t going to deal with you” tended to prove the sale element, the defendant’s use of the term “cracker” did not tend to prove or disprove any other element or material fact.
 

 The fact that race may have motivated the defendant to sell cocaine to a black person instead of a white person, as the state argued in closing, had no bearing on the fact that the defendant was selling cocaine. This case is unlike those cases in which a defendant’s use of a racial slur was relevant to show the defendant’s state of mind as
 
 an element of the crime charged. See, e.g., Clinton v. State,
 
 970 So.2d 412, 414 (Fla. 4th DCA 2007) (evidence that defendant, after stabbing victim, screamed “I’m going to kill you nigger” was properly admitted to prove defendant acted with
 
 *1230
 
 premeditated design to cause victim’s death).
 

 Because the defendant’s use of the term “cracker” was not relevant, that is, it had no probative value, it is unnecessary to engage in a probative versus prejudice analysis. See § 90.403, Fla. Stat. (2008) (“Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.”).
 

 Instead, the question is whether the state, as the beneficiary of the errors, has met its burden “to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.”
 
 State v. DiGuilio,
 
 491 So.2d 1129, 1135 (Fla.1986). We find the state has met its burden after having examined the entire record “including a close examination of the permissible evidence on which the jury could have legitimately relied, and in addition an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict.”
 
 Id.
 
 As the state argues in its answer brief, it presented the testimony of five officers who witnessed the transaction from various vantage points, and the marked money and cocaine were admitted into evidence. Because the defendant’s statement plainly should have been meaningless to the jury in the context of that evidence, we cannot find that the errors “may have played a substantial part in the jury’s deliberation and thus contributed to the actual verdict reached.”
 
 Id.
 
 at 1136 (citation omitted).
 

 The cases upon which the defendant relies for the proposition that a racial slur can require a new trial are distinguishable.
 
 See Thornton v. State,
 
 852 So.2d 911, 912 (Fla. 3d DCA 2003) (prosecutor’s attempted impeachment asking whether defendant said he had to “burn a nigger” improperly referred to prior unrelated offenses and implied existence of inadmissible damaging facts);
 
 MCI Exp., Inc. v. Ford Motor Co.,
 
 832 So.2d 795, 800-02 (Fla. 3d DCA 2002) (after trial judge ruled admissible plaintiff principal’s recorded comment about “Goddamn Cubans,” defendant blatantly exploited phrase by taking phrase out of context, disparaging plaintiff principal’s character, and focusing entire cross-examinations on the phrase, thereby exacerbating phrase’s prejudicial impact);
 
 McCallister v. State,
 
 779 So.2d 615, 615-16 (Fla. 5th DCA 2001) (error to admit defendant’s statement “That nigger is dead” during jail transport forty-five minutes after incident).
 

 As the Third District noted in
 
 MCI,
 
 “the introduction into evidence of a racial or ethnic slur is not per se reversible error.” 832 So.2d at 802 n. 1. For that proposition, the Third District cited
 
 Jones v. State,
 
 748 So.2d 1012, 1023 (Fla.1999), which more closely resembles this case. In
 
 Jones,
 
 the supreme court found a defendant was not entitled to a new trial where a detective testified the defendant used a racial slur in a statement to police.
 
 Id.
 
 The court reasoned:
 

 [W]e do not find that there was any attempt to inject race as an issue in the trial, or an impermissible appeal to bias and prejudice.... In addition, the actual racial slur was not used before the jury and the comment was not repeated or subsequently highlighted. Based on the foregoing, we find that even if the admission of this reference to [the defendant] using a racial slur was error, it was harmless beyond a reasonable doubt.
 

 Id.
 
 Admittedly here, the racial slur was used, and the state referred to it during
 
 *1231
 
 closing, though not by the term itself. However, as in
 
 Jones,
 
 we do not find the state was attempting to inject race as an issue in the trial or impermissibly appealing to bias and prejudice. Thus, we hold the trial court’s errors here were harmless beyond a reasonable doubt.
 

 For future situations where a relevant statement includes an irrelevant racial slur, we remind attorneys and trial courts to consider redacting the racial slur. As the supreme court stated in
 
 Jones:
 

 [W]e strongly caution prosecutors against eliciting testimony involving racial slurs unless absolutely necessary. ... In circumstances such as this, we strongly suggest that prosecutors err on the side of caution by omitting these statements and that trial courts consider the danger that the prejudicial effect of such evidence will substantially outweigh any probative value.
 
 See
 
 § 90.403, Fla. Stat. (1995).
 

 Id.
 
 Here, redacting the word “cracker” from the defendant’s statement would have resulted in the officer testifying that the defendant said, “I got you, but I ain’t going to deal with you in front of this
 
 ‘blank.’
 
 ” While the jury may have believed the defendant used some expletive, or possibly a racial slur, the statement would have retained its probative value while reducing the possible prejudicial effect. Moreover, redacting the express statement of the racial slur, as the defendant requested, may have prevented the defendant’s concern that his statement would affect the verdict.
 

 Affirmed.
 

 STEVENSON, J., and BROWN, LUCY CHERNOW, Associate Judge, concur.