On Motion for Rehearing.
 

 WARNER, J.
 

 We withdraw our prior opinion and substitute the following in its place.
 

 
 *404
 
 Appellant, Sandy Levy, timely appeals a final order entering an injunction against him for protection against repeat violence. He argues that the court erred in entering the injunction, because two incidents of violence against the petitioner did not exist. Based upon the facts of this case, we find that the two acts on which the trial court based its injunction were separated by both time and space. Therefore, we affirm.
 

 On January 28, 2010, Sandy Levy and Daniel Jacobs were residents at the same condominium building in Fort Lauderdale, Florida. That day, Levy was with his dog near the entrance of the building, while Jacobs was walking toward the building after exiting his car. The men encountered each other near the valet stand. For reasons that are unclear in the record, the men started arguing. Jacobs testified that while they were outside the building, Levy cursed at him and came right up to him. Jacobs put up his hand as Levy was approaching him and told him not to get so close. His hand brushed Levy’s chest, and Levy then accused Jacobs of hitting him. Levy hit Jacobs in the chest. Jacobs denied provoking Levy.
 

 Jacobs then entered the building and talked to the desk clerk about whether he should call the police. Between five and seven minutes after the encounter outside, Levy walked into the building. Levy was screaming and cursing. Levy then got in Jacobs’ face again, grabbed Jacobs’ neck, and threw him on the floor. Jacobs was shocked and petrified. Levy stood over him, threatening to hit him if he got up. A building employee intervened and was able to get Levy away from Jacobs.
 

 Jacobs filed a petition against Levy for an injunction for protection against repeat violence, alleging that the attack outside the building and the attack inside the lobby were two separate incidents of violence. The case proceeded to an evidentiary hearing, where Jacobs testified to the facts set forth above. Jacobs also introduced photographs of his injuries, as well as selected still images from the security videos of the incident, which depicted what occurred both inside and outside the building. Additionally, a valet gave testimony which was consistent with Jacobs’ version of what occurred outside the building. Levy did not testify as to his actions during the incident, although he told the court that he had moved from the condominium, yet he was still on the Board of Directors and had business on the premises.
 

 Following the presentation of testimony, Levy moved for a directed verdict. Relying upon
 
 Darrow v. Moschella,
 
 805 So.2d 1068 (Fla. 4th DCA 2002), Levy’s counsel argued that the request for an injunction should be denied because there was only one continuous incident of violence, which was not separated by time or distance. The trial court disagreed, finding that there was a break of five minutes between the incidents and one occurred outside the lobby and the second one inside the lobby. Finding two separate acts, the court entered the injunction, requiring Levy to stay at least twenty feet away from Jacobs at all times. Levy appeals.
 

 Section 784.046(2), Florida Statutes (2009), creates a cause of action for an injunction for protection against repeat violence. “Violence” is defined under the statute as “any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person.” § 784.046(l)(a), Fla. Stat. (2009). “Repeat violence” is defined as “two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of
 
 *405
 
 the filing of the petition, which are directed against the petitioner or the petitioner’s immediate family member.” § 784.046(l)(b), Fla. Stat. (2009).
 

 In order to support an injunction against repeat violence, there must be at least two qualifying incidents of violence.
 
 See Smith v. Melcher,
 
 975 So.2d 500, 502-03 (Fla. 2d DCA 2007) (“An injunction for protection against repeat violence is properly entered only when there are two incidents of violence within the designated time period.”);
 
 Long v. Edmundson,
 
 827 So.2d 365, 366-67 (Fla. 2d DCA 2002) (holding that although incident in which respondent waved a gun and pushed petitioner was sufficient to constitute an act of violence, the threat on petitioner’s answering machine did not qualify as second incident);
 
 see also Sorin v. Cole,
 
 929 So.2d 1092, 1094 (Fla. 4th DCA 2006);
 
 Santiago v. Towle,
 
 917 So.2d 909, 910 (Fla. 5th DCA 2005). An appellate court reviews an order granting an injunction for protection against repeat violence to determine whether each alleged act of violence is supported by competent, substantial evidence.
 
 Shocki v. Aresty,
 
 994 So.2d 1131, 1132 (Fla. 3d DCA 2008).
 

 Multiple acts stemming from a single violent incident do not constitute “repeat violence” under section 784.046 where those acts were not separated by time or distance.
 
 See Gasilovsky v. Ben-Shimol,
 
 979 So.2d 1179, 1180 (Fla. 3d DCA 2008) (“Here, the trial judge based his findings solely on three acts stemming from a single violent incident. These acts were not separated by time or distance. Thus, the trial court’s ruling does not support a finding of the two incidents of violence and/or stalking necessary to constitute repeat violence under the statute.”).
 

 Our opinion in
 
 Darrow,
 
 805 So.2d 1068, is illustrative. There, Darrow and Mos-chella were involved in an escalating confrontation on a golf course. Darrow bumped Moschella in the chest, causing Moschella to back up. Darrow then approached Moschella again and the brim of his hat hit Moschella’s forehead. Moschel-la knocked Darrow’s hat off, prompting Darrow to hit him five or six times. After a brief pause, Darrow came at Moschella again, but was restrained by other golfers.
 
 Id.
 
 at 1069. The trial court entered an injunction for protection against repeat violence against Darrow. On appeal, this court reversed the injunction, holding that the case did not involve “repeat violence” within the meaning of section 784.046.
 
 Id.
 
 at 1068. This court reasoned that there was only one “incident” of violence within the meaning of section 784.046(l)(b), and explained: “The stages of Darrow’s confrontation with Moschella were not separated by time or distance. Prior to their golf course encounter, Darrow had never had any dealings, direct or indirect, with Moschella.”
 
 Id.
 
 at 1069.
 

 In the present case, however, competent substantial evidence supported the trial court’s conclusion that Levy’s attacks on Jacobs were separate incidents of violence. Although the two attacks occurred on the same premises, the first occurred outside the building and the second occurred inside the building. Furthermore, unlike
 
 Darrow,
 
 in this case the record evidence demonstrated that in addition to occurring in different locations, there was a temporal break of approximately five minutes between the incidents. This was a sufficient temporal break to allow Levy time to pause, reflect, and form a new intent before the second attack.
 
 Cf. Clinton v. State,
 
 970 So.2d 412, 414 (Fla. 4th DCA 2007) (holding that no double jeopardy violation occurred where the defendant stabbed the victim, the victim walked towards a convenience store and collapsed, and the defendant then stabbed the victim
 
 *406
 
 again; each temporal break allowed the defendant to reflect and form a new criminal intent for each stabbing). Accordingly, the trial court could conclude that there were two separate incidents of violence in this case, rather than a single continuous incident of violence. As this was a finding of fact for which there was competent substantial evidence, we uphold the trial court’s ruling.
 

 Because this case involved “repeat violence” within the meaning of section 784.046(l)(b), there was a legal basis for the injunction. We therefore affirm.
 

 MAY, C.J., and POLEN, J., concur.