IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


BRUCE PACKAL,

      Appellant,

 v.                                         Case No.  5D16-3183

DENIZ D. JOHNSON,

      Appellee.

_____/

Opinion filed August 25, 2017

Appeal from the Circuit Court
for Brevard County,
David E. Silverman, Judge.

Kurt A. Russell and Jack L. Platt,
of Platt Hopwood Attorneys at Law,
PLLC, Melbourne, for Appellant.

David J. Volk, of Volk Law Offices, P.A.,
Melbourne, for Appellee.


WALLIS, J.

      Bruce Packal appeals a judgment granting a permanent injunction for protection against stalking violence.[1] Because competent, substantial evidence does not support a finding of stalking, we reverse the injunction.

_____

      [1] Although Johnson sought, and the court granted, an injunction for protection against "stalking violence," the contents of the petition track those required by section 784.0485(3)(b), Florida Statutes, pertaining to stalking, not violence. Additionally, in her

On the evening of July 4, 2016, Packal's neighbor, Deniz D. Johnson, set off fireworks with her family in the middle of their street. Startled by the sound of the fireworks, Packal emerged from his home with an unloaded gun, made explicit verbal threats towards Johnson and her family, then crossed the street and shoved Johnson's boyfriend's son, Matthew Garcia, who had begun to record the incident on his phone. According to Garcia, the entire confrontation occurred within a twenty-minute timeframe. Johnson subsequently filed a Petition for Injunction for Protection Against Stalking Violence.

Although Johnson alleged a history of confrontations involving Packal, the trial court expressly disregarded this history at the hearing on the petition and focused entirely on the July 4 altercation. The trial court ultimately found that Packal's actions during the twenty-minute altercation qualified as two separate incidents of harassment, warranting an injunction. Specifically, the trial court found that Packal harassed Johnson by: (1) verbally threatening her and her family while demonstrating his firearm, and (2) shoving Garcia.

Section 784.0485(1), Florida Statutes (2016), establishes a cause of action for an injunction for protection against stalking. "Each incident of stalking must be proven by competent, substantial evidence to support an injunction against stalking." David v. Schack, 192 So. 3d 625, 628 (Fla. 4th DCA 2016) (quoting Touhey v. Seda, 133 So. 3d

petition, Johnson specifically marked sections under the following heading: "Petitioner is victim of stalking because respondent has . . . ."

1203, 1204 (Fla. 2d DCA 2014)). "A person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person commits the offense of stalking." § 784.048(2), Fla. Stat (2016). "'Harass' means to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." Id. § 784.048(1)(a) (emphasis added). "'Course of conduct' means a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose." Id. § 784.048(1)(b).

Here, the two acts cited by the trial court amount to one continuous course of conduct, establishing only one instance of harassment. Cf. Levy v. Jacobs, 69 So. 3d 403, 404 (Fla. 4th DCA 2011) ("[T]he record evidence demonstrated that in addition to occurring in different locations, there was a temporal break of approximately five minutes between the incidents. This was a sufficient temporal break to allow [the respondent] time to pause, reflect, and form a new intent before the second attack."). This single instance cannot support a finding of stalking, which requires evidence of repeat harassment. See § 784.048(2), Fla. Stat. Further, even if we find that Packal's actions constitute two separate instances of harassment, Packal shoving Garcia does not qualify as harassment of Johnson. See id. § 784.048(1)(a).[2] Accordingly, we reverse the injunction.

REVERSED.

SAWAYA and TORPY, JJ., concur.

---

[2] Although Packal's conduct towards Garcia may constitute an act of violence, Johnson did not present it as such, and the described occurrence would likewise fail to support an injunction for protection against repeat violence, which requires "two incidents of violence or stalking committed by the respondent, . . . which are directed against the petitioner or the petitioner's immediate family member." § 784.046(1)(b), Fla. Stat. (emphasis added). Garcia does not qualify as a member of her immediate family.

3