DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRANDON NICHOLAS SANTOS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1064

[June 27, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 502012CF010088A.

Carey Haughwout, Public Defender, and Stacey Kime, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

***ON MOTION FOR REHEARING***

PER CURIAM.

We grant the motion for rehearing, vacate our prior opinion, and substitute the following in its place.

Appellant was convicted of first degree murder with a firearm under sections 775.087 and 782.04, Florida Statutes (2012), and sentenced to life imprisonment without the possibility of parole. On appeal, appellant argues that the trial court erred by failing to suppress his custodial interview because the police did not inform him that an attorney was attempting to invoke his right to remain silent during the interrogation. He also claims that the court improperly refused to give a curative instruction during closing arguments. We affirm on both points.

A few days after the murder, the police conducted three interviews with the appellant, only the last of which was a custodial interrogation. During the second interview, appellant detailed the murder and confessed that he

planned the crime in advance. Following his arrest, appellant was interviewed at the police station, where he again confessed. During this third interview, appellant's father called a detective assigned to the murder case, although not present at the station. He informed the detective that he hired an attorney to represent his son and that the attorney advised him not to let the appellant speak to law enforcement. Minutes later, the attorney left this detective a voicemail, attempting to invoke the appellant's right to remain silent. At trial, appellant moved to suppress the third interview, arguing that the police violated his due process rights by not informing him that the attorney was attempting to assist him.

For motions to suppress, we afford a presumption of correctness to a trial court's factual findings, but review de novo questions of law. *Wyche v. State*, 987 So. 2d 23, 25 (Fla. 2008). It is a violation of due process for the police not to inform a defendant that an attorney retained by the accused's family has offered assistance. *Haliburton v. State*, 514 So. 2d 1088, 1089-90 (Fla. 1987); *see Bruce v. State*, 92 So. 3d 902, 906 (Fla. 4th DCA 2012) ("Under *Haliburton II*, a suspect must be informed promptly of efforts by a lawyer to provide legal assistance relating to the detention."). However, in light of appellant's second confession, we find that the trial court's failure to suppress the third interview was harmless beyond a reasonable doubt. *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986).

Appellant further contends that the court erred in denying his request for a curative instruction when, during the State's closing rebuttal argument, the prosecutor indicated that the appellant's motive for killing the victim was that appellant did not want his girlfriend to "find out about this Haitian girl." The court sustained defense counsel's objection to the Haitian reference, finding the testimony that appellant was trying to hide his relationship with the victim because she was Haitian came out in testimony which was stricken by the court and thus not in evidence. Defense counsel asked the court to instruct the jury to disregard the statement. The prosecutor contended that she was entitled to argue inferences from the evidence, as there was no other testimony establishing that the victim was Haitian. The court sustained the objection and simply told counsel to "stay away from the Haitian" reference. The prosecutor then continued to argue that appellant's motive for the victim's murder was to prevent his girlfriend from finding out about the victim and that appellant had been having sexual relations with her. She further noted that appellant had also not told his family about the victim. The defense made no objection to these arguments.

By requesting a curative instruction, appellant preserved this issue for appeal. *See Companioni v. City of Tampa*, 51 So. 3d 452, 454 (Fla. 2010).

The trial court had discretion, however, in determining whether to give a curative instruction. *See Salazar v. State,* 991 So. 2d 364, 372 (Fla. 2008) ("[A]s to not giving the curative instruction, the trial court had the discretion not to give a curative instruction if it believed that doing so would draw further attention to the improper comment."). From the record, it appears that the court may have considered a curative instruction as calling attention to the error, if there was error at all, because there was evidence other than the stricken testimony to establish that the victim was Haitian.[1]

Nevertheless, even if the court should have given a curative instruction, we conclude that this reference, which has some support in the evidence, was harmless beyond a reasonable doubt. In addition to a dying declaration of the victim identifying the appellant as her killer, the appellant himself confessed to the murder, including his planning it for several weeks. The prosecutor mentioned the victim's ethnic background only once during her closing argument. We conclude that, beyond a reasonable doubt, the error did not contribute to the verdict reached. *See Rich v. State,* 18 So. 3d 1227, 1230-31 (Fla. 4th DCA 2009).

*Affirmed.*

WARNER, GROSS and LEVINE, JJ., concur.

---

[1] Since the defense only objected to the reference to the victim as being Haitian, there was evidence in the record from the victim's sister that the family was Haitian. Therefore, the court may have been incorrect in sustaining the objection, because there were facts in evidence from which the prosecutor could make the argument. To the extent that the prosecutor was arguing that the appellant wanted to hide his relationship with the victim from his girlfriend, as well as his family, these facts could be inferred from properly admitted testimony.