# First District Court of Appeal
## State of Florida

_____

No. 1D17-0003
_____

Lisa Venn,

   Appellant,

   v.

Kenneth M. Fowlkes, III,

   Appellee.

_____

On appeal from the Circuit Court for Duval County.
Elizabeth A. Senterfitt, Judge.

October 31, 2018

Per Curiam.

Lisa Venn appeals a final judgment granting a petition for a stalking injunction filed by Kenneth M. Fowlkes, III. We reverse because it is not supported by competent, substantial evidence.

In November 2016, Mr. Fowlkes filed a petition for protection against stalking against Ms. Venn with whom he had a 15-year relationship and shared a minor child. Upon separating in 2009, they sought and obtained injunctions against each other. And since that time their relationship has remained turbulent. In Mr. Fowlkes's 2016 petition here, he alleged that Ms. Venn stalked and harassed him at all hours at his work and home, and harassed him by filing a child support case. The allegations include that Ms. Venn called him many times without leaving a message; has knocked on the door of his house and ran; has created many

problems at the restaurant where he works; has claimed to have many pictures of him and his wife; has called and bothered Mr. Fowlkes's brother; has claimed to be in fear of Mr. Fowlkes; and has told a third-party that she would "get the crackers on [him]." Claiming to be "tired of [Ms. Venn's] games, [her] stalking, [and her] harassment through the child support case," Mr. Fowlkes asked the trial court to stop it immediately by granting an injunction.

The trial court held a hearing in which both parties appeared pro se. By that time, the transcript indicates that Ms. Venn had filed her own petition for a stalking injunction against Mr. Fowlkes. At the hearing, Mr. Fowlkes testified that everything in his petition was true and correct and provided no additional substantive testimony. Ms. Venn objected to the injunction and, in response to the trial court's questions, testified to having legitimate reasons for visiting Mr. Fowlkes's workplace and home. For instance, she testified that she came to the restaurant several times with the parties' daughter, at the daughter's request and after Mr. Fowlkes had invited the daughter to eat there. Ms. Venn also conceded placing something in Mr. Fowlkes's mailbox related to her child support case against him. In Ms. Venn's view, Mr. Fowlkes's petition was filed in retaliation for her having filed a child support case against him. And she asked the trial court to have her own stalking petition granted against Mr. Fowlkes. In her view, Mr. Fowlkes and others were conspiring against her.

"A person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person commits the offense of stalking." § 784.048(2), Fla. Stat. "Harass" means "to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." § 784.048(1)(a), Fla. Stat. "Whether the purpose for contact is 'legitimate' is evaluated on a case-by-case basis. . . . However, courts have generally held that contact is legitimate when there is a reason for the contact other than to harass the victim." *O'Neill v. Goodwin*, 195 So. 3d 411, 413 (Fla. 4th DCA 2016). To be entitled to a stalking injunction, a petitioner must allege and prove two separate instances of stalking, and that the incidents alleged objectively caused substantial emotional

2

distress. *Pickett v. Copeland*, 236 So. 3d 1142, 1144 (Fla. 1st DCA 2018).

In this case, Mr. Fowlkes alleged numerous acts of harassment. But he did not sufficiently establish his case that Ms. Venn's conduct caused him substantial emotional distress. The "substantial emotional distress" that is necessary to support a stalking injunction is greater than just an ordinary feeling of distress. *Burroughs v. Corey*, 92 F. Supp. 3d 1201, 1205 (M.D. Fla. 2015) ("Under Florida law, a reasonable person does not suffer substantial emotional distress easily."), *aff'd*, 647 Fed. Appx. 967 (11th Cir. 2016). And here, neither the petition, nor Ms. Venn's testimony at the hearing, support the conclusion that her alleged conduct would have caused a reasonable person in Mr. Fowlkes's situation to experience substantial emotional distress as required to obtain a permanent stalking injunction. *See Mitchell v. Brogden*, 249 So. 3d 781, 782 (Fla. 1st DCA 2018) (listing cases with similar facts where the statutory standard was not met). Certainly Mr. Fowlkes's petition, and its description of the years after his personal relationship ended with Ms. Venn, shows that he is annoyed, frustrated, and feeling harassed in his dealings with Ms. Venn, and with the pending child support issue relating to their daughter. But his petition and these circumstances do not demonstrate that Ms. Venn's actions would have caused an objective, reasonable person in his situation to suffer substantial emotional distress.

Accordingly, the final judgment is reversed.[*]

REVERSED.

B.L. THOMAS, C.J., and OSTERHAUS and BILBREY, JJ., concur.

---

[*] We also reject Mr. Fowlkes's preservation arguments, because Ms. Venn clearly expressed her objections to the entry of the injunction at the hearing below.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


William S. Graessle and Jonathan W. Graessle, William S. Graessle, P.A., Jacksonville, for Appellant.

Rebecca B. Creed and Thomas A. Burns, Creed & Gowdy, P.A., Jacksvonville, for Appellee.