# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D18-2774
_____

JOSEPH KLENK,

    Appellant,

    v.

JESSICA RANSOM,

    Appellee.

_____

On appeal from the Circuit Court for Columbia County.
Paul S. Bryan, Judge.

May 13, 2019

PER CURIAM.

We reverse the final judgment of injunction for protection against stalking. *See* § 784.0485(1), Fla. Stat. (creating stalking injunction). Stalking requires that a person "willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person." § 784.048(2), Fla. Stat. Harass means to "engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." § 784.048(1)(a), Fla. Stat. We review the sufficiency of the evidence de novo. *Pickett v. Copeland*, 236 So. 3d 1142, 1144 (Fla. 1st DCA 2018).

These parties had been co-workers for nearly three years when Appellee petitioned for a stalking injunction because of Appellant's ongoing comments and actions that Appellee felt were sexual harassment. She testified that he frequently made

sexually-oriented comments about her body and clothing; and asked her to help him with errands outside of work, provide him with transportation, or meet for lunch. She once caught him looking at messages on her phone when she was out of her office. Appellant denied having sexually harassed Appellee, and explained that a couple of the interactions did occur but were not intended in that manner. Appellee testified that she had sought counseling and the help of a sexual harassment advocate as a result of Appellant's actions and comments, and that she had twice reported him to management at their workplace. Appellant was reprimanded after one incident, and ultimately his employment was terminated.

We have examined the evidence carefully, and even giving credence to Appellee's testimony, which we do, we cannot conclude that the alleged incidents rise to the level of justifying an injunction against stalking. To justify this kind of injunction, the conduct must be bad enough to produce substantial emotional distress in a reasonable person. § 784.048(1)(a), Fla. Stat.; *Venn v. Fowlkes*, 257 So. 3d 622, 624 (Fla. 1st DCA 2018) ("[A] reasonable person does not suffer substantial emotional distress easily."); *Mitchell v. Brogden*, 249 So. 3d 781, 782 (Fla. 1st DCA 2018) (approving objective, reasonable-person standard for existence of substantial emotional distress) (collecting cases). It is not enough to be "weirded out" or uncomfortable. *Paulson v. Rankart,* 251 So. 3d 986, 990 (Fla. 1st DCA 2018) (rejecting argument that respondent's acts of watching petitioner sunbathe on her deck next door and "creep" around utility meters on the public street were sufficient to support an injunction); *see also McMath v. Biernacki*, 776 So. 2d 1039, 1040-41 (Fla. 1st DCA 2001) (finding petitioner's "subjective distress" insufficient to justify injunction where petitioner was uncomfortable around respondent when he tried to talk to her, sent her a letter, and sent flowers and balloons). Allegations such as these "[fall] short of the exacting standards to justify a stalking injunction and the collateral consequences that flow from it." *Paulson*, 251 So. 3d at 990.

Although behavior such as that alleged here can be valid grounds for employment action, it does not rise to the level of

2

conduct justifying a stalking injunction. Accordingly, we must reverse and remand for the trial court to vacate the injunction.

REVERSED and REMANDED.

B.L. THOMAS, C.J., and KELSEY and M.K. THOMAS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Mark D. Tinker of Cole, Scott & Kissane, P.A., Tampa, for Appellant.

Jessica Ransom, pro se, Appellee.