DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARK ADAMCZYK,**
Appellant,

v.

**SUSAN HERMAN,**
Appellee.

No. 4D19-870

[December 11, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Paul A. Damico, Judge; L.T. Case No. 50-2019-DR-002119-XXXXSB.

Mark Adamczyk, Cheektowaga, New York, pro se.

Brian J. Moran, Christopher R. Parkinson, and Correy B. Karbiener of Moran Kidd Lyons Johnson Garcia, P.A., Orlando, for appellee.

PER CURIAM.

We reverse the injunction for protection against repeat violence issued pursuant to section 784.046(2), Florida Statutes (2019), because there was not competent, substantial evidence of two acts of violence within the meaning of the statute.

This case arose out of a disagreement between appellant and a condominium association over the parking of appellant's truck in the community.

Section 784.046(2) creates a cause of action for an injunction for protection against "repeat violence." "Repeat violence" is defined as "**two** incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner's immediate family member." § 784.046(1)(b), Fla. Stat. (2019) (emphasis added). "Violence" includes, among other things, any assault, battery, or stalking. § 784.046(1)(a), Fla. Stat. (2019).

An April 2018 incident was one of the two incidents the petitioner/appellee relied upon in the trial court to secure an injunction. This incident involved no touching of the petitioner, so it could form the basis for an injunction only if it involved an assault. An assault is an "intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." § 784.011(1), Fla. Stat. (2019). Although there was testimony that appellant profanely told appellee to get off his property, there was no evidence that appellant threatened violence or that he took some action that could have created a well-founded fear that violence was imminent. This confrontation did not rise to the level of "violence" required to support an injunction under section 784.046(2).

We reject appellee's argument that two acts of "violence" occurred on March 7, 2019. First, this argument was not presented to the trial court, so it was not preserved. Second, the angry conduct appellant displayed on March 7 all occurred in the association office during a short outburst, without separation "by time or distance." *Darrow v. Moschella*, 805 So. 2d 1068, 1069 (Fla. 4th DCA 2002). This case differs from *Levy v. Jacobs*, 69 So. 3d 403 (Fla. 4th DCA 2011), where competent, substantial evidence supported the trial court's conclusion that two attacks were distinct incidents of violence where there was a break of approximately five minutes between the incidents and they occurred in different locations on the same premises. *Id.* at 405. The March 7 incident qualifies as an "incident[ ] of violence" under the statute, but it may not be sliced into the two incidents necessary for an injunction.

The March 15, 2019 injunction for protection against repeat violence is reversed and we remand to the circuit court for the entry of a final judgment of dismissal.

GROSS, DAMOORGIAN and KLINGENSMITH, JJ., concur.

\*       \*       \*

*Not final until disposition of timely filed motion for rehearing.*