DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSEPH CASH,**
Appellant,

v.

**PATRICK GAGNON,**
Appellee.

No. 4D19-1302

[November 4, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Stefanie Moon, Judge; L.T. Case No. DVCE19-1551 (63).

Edward M. Shahady of Edward M. Shahady P.A., Fort Lauderdale, for appellant.

Jeffrey Green of Kaye Bender Rembaum, P.L., Pompano Beach, for appellee.

KLINGENSMITH, J.

This case presents yet another opportunity for this court to discuss the use of injunctions to keep the peace in uncivil neighborhood interactions. For the reasons set forth below, we find that the injunction issued by the trial court was improvidently granted and reverse.

Appellant Joseph Cash lives in the same condominium complex as Patrick Gagnon, the petitioner in the underlying action. Their relationship soured in 2013 when Gagnon joined the condo association's board of directors and Cash was not re-elected. The friction between the two simmered until December 2018 when, according to Gagnon, Cash's emotions started to boil over.

According to Gagnon's petition, the first incident that led him to request an injunction occurred in December 2018 when Cash interrupted a conversation Gagnon was having with another resident involving the common area boat dock by aggressively yelling and accusing Gagnon of both lying and stealing. A second incident, which also occurred that December, involved Cash allegedly yelling at Gagnon for putting a parking

boot on a neighbor's car, again calling him a liar, and angrily cursing at him.

Two months later in February 2019, Gagnon alleged that Cash confronted him once again, this time regarding some landscaping work done by the association. In this episode, Gagnon claimed Cash approached him twice, forty-five minutes apart, yelling and cursing about trees that were purportedly installed according to an unapproved landscaping plan and blocked the view from his condominium.

The last encounter alleged in the petition happened a week later. There, Cash arrived home one afternoon to find Gagnon and a group of guests in the parking lot with a car parked in Cash's parking space. This transgression prompted Cash to start yelling at Gagnon while also moving his car close to the group and revving his engine. After this encounter in the parking lot wound down, Cash rode in the elevator with Gagnon and his guests on their way to their respective homes. When the elevator arrived at Gagnon's floor, the petition alleges that Cash allowed the guests to exit but blocked Gagnon's attempt to leave, all the while yelling and cursing at him. As a result, Gagnon stated that he felt unsafe and called the police to report the incident. Shortly thereafter, Gagnon filed his petition for an injunction for protection against stalking. The trial court granted the injunction following a hearing, and this appeal followed.

"The standard of review for an order imposing a permanent injunction is abuse of discretion." *Weisberg v. Albert*, 123 So. 3d 663, 664 (Fla. 4th DCA 2013). "But the question of whether the evidence is legally sufficient to justify imposing an injunction is a question of law that we review de novo." *Krapacs v. Bacchus*, 45 Fla. L. Weekly D1913, at *2 (Fla. 4th DCA Aug. 12, 2020) (quoting *Pickett v. Copeland*, 236 So. 3d 1142, 1144 (Fla. 1st DCA 2018)).

Under section 784.048(2), Florida Statutes (2019), "[a] person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person commits the offense of stalking . . . ." Further, the statute defines "harass" as a "means to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." § 784.048(1)(a), Fla. Stat. (2019). This statute specifically exempts constitutionally protected activities. *See* § 784.048(1)(b), Fla. Stat. (2019).

A course of conduct requires multiple acts that are separated by time or distance. *See Levy v. Jacobs*, 69 So. 3d 403, 405 (Fla. 4th DCA 2011). "[T]o be entitled to an injunction for stalking, the petitioner must allege

2

and prove two separate instances of stalking" by competent, substantial evidence. *Logue v. Book*, 297 So. 3d 605, 611 (Fla. 4th DCA 2020) (quoting *David v. Schack*, 192 So. 3d 625, 628 (Fla. 4th DCA 2016)). Two or more acts that are part of one continuous course of conduct are legally insufficient to qualify as separate instances of harassment. *See Packal v. Johnson*, 226 So. 3d 337, 338 (Fla. 5th DCA 2017). Further, "a 'course of conduct' for purposes of the statute does not include protected speech. This includes speech that may be offensive or vituperative." *David v. Textor*, 189 So. 3d 871, 876 (Fla. 4th DCA 2016) (citation omitted).

To qualify as stalking under the statute, the conduct must meet two requirements. First, "the defendant's conduct must cause substantial emotional distress, which is greater than just an ordinary feeling of distress." *Johnstone v. State*, 298 So. 3d 660, 665 (Fla. 4th DCA 2020). "When considering the sufficiency of the evidence, '[c]ourts apply a reasonable person standard, not a subjective standard, to determine whether an incident causes substantial emotional distress.'" *Schack*, 192 So. 3d at 628 (alteration in original) (quoting *Touhey v. Seda*, 133 So. 3d 1203, 1204 (Fla. 2d DCA 2014)). As the Fifth District explained in *D.L.D. v. State*, 815 So. 2d 746, 748 (Fla. 5th DCA 2002):

> [I]n determining whether an incident or series of incidents creates substantial emotional distress for a victim, the distress should be judged not on a subjective standard (was the victim in tears and terrified), but on an objective one (would a reasonable person be put in distress when subjected to such conduct?).

"Mere irritation, annoyance, embarrassment, exasperation, aggravation, and frustration, without more, does not equate to 'substantial emotional distress.'" *Johnstone*, 298 So. 3d at 669 (Klingensmith, J., dissenting) (quoting § 784.048(1), Fla. Stat. (2018)). To satisfy this first prong of the stalking statute, the court must find that the conduct complained of caused distress, which is greater than just an ordinary feeling of discomfort. *See Johnstone*, 298 So. 3d at 665; *Shannon v. Smith*, 278 So. 3d 173, 176 (Fla. 1st DCA 2019).

Second, "[t]he course of conduct must serve no legitimate purpose." *Johnstone*, 298 So. 3d at 664. A legitimate purpose is determined by the facts of each case, but "courts have generally held that contact is legitimate when there is a reason for the contact other than to harass the victim." *O'Neill v. Goodwin*, 195 So. 3d 411, 413 (Fla. 4th DCA 2016); *see Textor*, 189 So. 3d at 875 ("[W]hether a communication serves a legitimate purpose is broadly construed and will cover a wide variety of conduct.").

3

As such, "the action complained of must be so entirely bereft of a valid purpose that the only possible reason to engage in such acts would be to cause substantial concern or distress to the intended target." *Johnstone*, 298 So. 3d at 668 (Klingensmith, J., dissenting).

Taking Gagnon's allegations as true, when viewed through the lens of the statute and the case law interpreting it, Cash's conduct falls short of what is necessary to obtain an injunction. While Cash's profanity and accusations of lying might have been offensive to Gagnon, perhaps even defamatory, this speech does not fall within a "course of conduct" that allows for injunctive relief. *See Textor*, 189 So. 3d at 876; *Chevaldina v. R.K./FL Mgmt., Inc.*, 133 So. 3d 1086, 1090 (Fla. 3d DCA 2014) ("Injunctive relief is not available to prohibit the making of defamatory or libelous statements."). Additionally, most of Cash's actions served the legitimate purpose of conveying various complaints to an association board member about condominium-related events. *See O'Neill*, 195 So. 3d at 413. Even though these complaints were voiced in an intemperate, crude, and uncivil manner, this does not entitle Gagnon to an injunction. *See Caterino v. Torello*, 276 So. 3d 88, 94 (Fla. 2d DCA 2019) (yelling and cursing would not cause a reasonable person to feel substantial emotional distress and does not warrant injunctive relief).

Gagnon also alleges in his petition that the altercation relating to Cash's displeasure about the landscaping constitutes two separate incidents sufficient to qualify as a course of conduct under the statute. These two incidents involved the same subject matter but occurred forty-five minutes apart. Even if we were to hold that they should be treated as two separate stalking incidents, *see Packal*, 226 So. 3d at 338, they do not qualify as instances of stalking because Cash had a legitimate purpose in seeking out Gagnon and voicing his displeasure about the association's actions. *See O'Neill*, 195 So. 3d at 413; *Textor*, 189 So. 3d at 875.

While Gagnon alleges four instances of stalking occurred during the parking lot dispute, these events were one continuous episode. *See Levy*, 69 So. 3d at 405. Although Cash is alleged to have revved his car engine in the parking lot and yelled at Gagnon, nothing about this incident, as described, would lead a reasonable person to incur substantial emotional distress. However, the incident where Gagnon says Cash followed him up the elevator and blocked his egress to berate him could be a qualifying incident sufficient to constitute stalking when paired with another. At that point, Cash no longer had a legitimate purpose for engaging in such actions because the parking dispute was resolved. *See Textor*, 189 So. 3d at 875. There was no legitimate purpose for Cash to restrict or limit Gagnon's ability to freely leave the confines of the elevator. In this

scenario, we have no trouble concluding that a reasonable person would have substantial emotional distress after suffering verbal abuse while being essentially trapped in an elevator. *See Johnstone*, 298 So. 3d at 664; *O'Neill*, 195 So. 3d at 413. Cash's speech combined with blocking Gagnon's exit from the elevator crossed the line into unprotected conduct. *See Chevaldina*, 133 So. 3d at 1092.

Although the encounter between Cash and Gagnon in the elevator can be considered a qualifying incident, the rest of the alleged conflicts are merely uncomfortable neighborly disputes that do not rise to the level of stalking. *See Caterino*, 276 So. 3d at 94 (quoting *Shocki v. Aresty*, 994 So. 2d 1131, 1134 (Fla. 3d DCA 2008) ("[N]oise, profanity, and claims of vandalism to property do not always warrant injunctive relief under the stalking and repeat violence statutes.")). As this court has repeated on many occasions, section 784.048 "does not allow the trial court to enter injunctions simply 'to keep the peace' between parties who, for whatever reason, are unable to get along and behave civilly towards each other." *Klemple v. Gagliano*, 197 So. 3d 1283, 1286 (Fla. 4th DCA 2016) (quoting *Power v. Boyle*, 60 So. 3d 496, 498 (Fla. 1st DCA 2011)). For this reason, we reverse the injunction entered against Cash.

*Reversed.*

LEVINE, C.J., and CONNER, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**