IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

AKNESHA MILLER SUHUBA BARUTI,

     Appellant,

v.

Case No. 5D21-2785
LT Case No. 2021-DR-039724-X

LEIGH ANN VINGLE,

     Appellee.

_____/

Opinion filed July 15, 2022

Appeal from the Circuit Court for
Brevard County,
James H. Earp, Judge.

Geoffrey P. Golub, of Law Offices of
Geoffrey P. Golub, P.A., Melbourne,
for Appellant.

Elizabeth Siano Harris, of Harris
Appellate Law Office, Mims, for
Appellee.

PER CURIAM.

     Aknesha Miller Suhuba Baruti ("Baruti") appeals the final judgment of

injunction for protection against stalking violence entered against her. She

argues, inter alia, that the trial court erred by issuing an injunction without competent, substantial evidence of two incidents of stalking.[1] We agree and reverse for dissolution of the injunction.

Baruti and her estranged husband were in the midst of an acrimonious marital dissolution proceeding, during which Baruti believed that the appellee, Leigh Ann Vingle, was her husband's paramour. Vingle filed a petition for protection against stalking against Baruti, alleging two pertinent incidents. The first concerned an occasion when Baruti came to the restaurant where Vingle worked, interrupted her while she was serving customers, and stared at her, which made her "uncomfortable."

The second incident was more serious. Vingle alleged a road rage encounter, where Baruti cornered Vingle in her car, followed her onto a highway ramp, intentionally collided with her vehicle, and approached her

---

[1] Given our disposition, it is unnecessary to address Baruti's arguments regarding service of process. That said, while we do not disagree with the trial court's assessment that Baruti was evading service, the document delivery was ineffective, because there was no testimony rebutting Baruti's claim that the deputy failed to announce he was drop-serving the documents at the location of their encounter. Olin Corp. v. Haney, 245 So. 2d 669, 670–71 (Fla. 4th DCA 1971) (holding that when person flees from process server in attempt to evade service, "the delivery requirement . . . may be satisfied if the process server leaves the papers at a place from which such person can easily retrieve them and takes reasonable steps to call such delivery to the attention of the person to be served").

aggressively afterward. Vingle believed that Baruti was trying to kill her. Both vehicles had to be towed and a criminal investigation ensued. The day after this incident, Vingle filed the instant petition. Because Baruti did not appear at the initial or rescheduled hearing due to alleged insufficient service of process, the trial court found consent by default and entered final judgment against her. Once served with the injunction, Baruti filed a motion to vacate and/or dissolve the final judgment, which was denied. This appeal followed.

We review entry of an injunction against stalking for competent, substantial evidence. See Packal v. Johnson, 226 So. 3d 337, 338 (Fla. 5th DCA 2017). Under section 784.048, "[a] person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person commits the offense of stalking[.]" § 784.048(2), Fla. Stat. (2021). "'Harrass' means to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." § 784.048(1)(a), Fla. Stat. (2021). "[B]y its statutory definition, stalking requires proof of repeated acts"—i.e., a minimum of two. Laserinko v. Gerhardt, 154 So. 3d 520, 521 (Fla. 5th DCA 2015) (citation omitted); see also Chiu v. Adams, 327 So. 3d 889, 892 (Fla. 5th DCA 2021). Additionally, each incident must cause substantial emotional distress under an objective standard. See Laserinko, 154 So. 3d at 522. Substantial emotional distress

3

"is greater than ordinary distress," and "[u]nder Florida law, a reasonable person does not suffer substantial emotional distress easily." Venn v. Fowlkes, 257 So. 3d 622, 624 (Fla. 1st DCA 2018) (citation omitted).

Here, the road rage incident meets that high threshold, as a reasonable person would suffer substantial emotional distress from vehicular pursuit by a known adversary resulting in an intentional collision. But the same cannot be said of the encounter at Vingle's workplace, because simply feeling "uncomfortable" does not constitute substantial emotional distress. See Klenk v. Ransom, 270 So. 3d 1272, 1273 (Fla. 1st DCA 2019) ("It is not enough to be 'weirded out' or uncomfortable." (citation omitted)). In other words, a "mean stare" does not suffice. See Paulson v. Rankart, 251 So. 3d 986, 990 (Fla. 1st DCA 2018) (finding insufficient evidence of stalking when respondent, while "creeping" around utSility meters, stared at petitioner sunbathing but made no accompanying threats or gestures); see also Smith v. Melcher, 975 So. 2d 500, 502 (Fla. 2d DCA 2007) (holding that circling restaurant where petitioner was eating, looking and pointing at petitioner while shaking head, was not harassment).

Because there was insufficient evidence of two incidents of harassment, we reverse and vacate the injunction. We do so without prejudice for Vingle to re-file should sufficient grounds exist.

REVERSED.

EVANDER, COHEN and WALLIS, JJ., concur.